IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTIRCT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **THOMAS SHEPPHEARD,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:23-cv-530 |
| | ) | (Judge Berger) |
| | ) | |
| **JAMES C. JUSTICE, JR.,** | ) | |
| in his official capacity as Governor of the | ) | |
| State of West Virginia; and | ) | |
| **MARK SORSAIA**, in his official capacity | ) | |
| as the Cabinet Secretary of the West | ) | |
| Virginia Department of Homeland | ) | |
| Security, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

Defendants James C. Justice, Jr., in his official capacity as Governor of West Virginia, and Mark Sorsaia, in his official capacity as the Cabinet Secretary of the West Virginia Department of Homeland Security, hereby jointly move under Federal Rule of Civil Procedure 26(c)(1) for an order staying discovery until such time as the Court rules upon the pending case-dispositive motions to dismiss filed by Defendants.

**INTRODUCTION**

Plaintiffs have filed this putative class action alleging an Eighth Amendment conditions-of-confinement case against Governor Justice and Secretary Sorsaia seeking truly sweeping relief. Specifically, Plaintiffs demand that the Court issue a judicial decree to the Governor and the Secretary to "spend" otherwise unappropriated "state budget surplus funds" in the total amount of no less than *$330 million* on state correctional institutions. But in demanding an order

1

compelling the Governor and Secretary to take an action (appropriation of public money) for which they plainly lack the legal authority, Plaintiffs have fundamentally misfired. Responding to Plaintiffs' complaint, the Governor and Secretary have each filed motions to dismiss, arguing (among other things) that the claims against them are barred by state sovereign immunity, a lack of standing, and failure to state a claim. *See* ECF Nos. 12 & 13; ECF Nos. 15 & 16. If granted on any one of these purely legal grounds, the motions would dispose of this entire case, rendering the Defendants' resources—taxpayer funds—devoted to discovery entirely wasted.

On November 1, 2023, this Court entered its Order and Notice, ECF No. 14, setting deadlines for the Rule 26(f) planning meeting, the report of the parties' meeting, a scheduling conference, and Rule 26(a)(1) disclosures. The Defendants seek a stay of discovery pending the outcome of their case-dispositive motions. If ever there were a case presenting good cause for such a stay, it is this one.

## ARGUMENT

"Courts are vested with broad discretion to manage the conduct of discovery, with the ultimate goal of ensuring the just, speedy, and inexpensive determination of every action and proceeding." *Oakley v. Coast Pro., Inc.*, No. CV 1:21-00021, 2021 WL 3520539, at *1 (S.D.W. Va. Aug. 10, 2021) (citation omitted). "Through Federal Rule of Civil Procedure 26, this broad discretion includes the authority to stay discovery pending resolution of a dispositive motion." *Id.*; *see also Blankenship v. Napolitano*, No. 2:19-CV-00236, 2019 WL 6173530, at *2 (S.D.W. Va. Nov. 19, 2019) ("Under [Rule 26(c)(1)], a district court has the discretion to stay discovery pending the outcome of a dispositive motion."). Such a stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* (quoting *United States v. Daily Gazette Co.*, 2007 WL 7575700, at *2

(S.D. W. Va. Oct. 18, 2007)) (citation omitted). Such a stay order, therefore, may also properly defer Rule 26(f) obligations and Rule 26(a)(1) disclosures, as Judge Copenhaver concluded in staying discovery in a civil action brought by Don Blankenship against various media companies and individuals. *See Blankenship*, 2019 WL 6173530, at *6.

As this Court has observed, "[a] number of factors, none wholly dispositive, guide the analysis under this rule for granting a stay pending the outcome of a dispositive motion." *Citynet, LLC v. Frontier W. Va. Inc.*, 2016 WL 6133844, at *1 (S.D. W. Va. Oct. 19, 2016). The factors are: "(1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, [(7)] the expected extent of discovery in light of the number of parties and complexity of the issues in the case, [(8)] and any other relevant circumstances." *Id*. (internal quotation marks omitted).[1] Here, the factors uniformly support a stay of discovery.

1. ***The Type of Motion***

Movants have filed motions to dismiss under Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure to state a claim). These are case-dispositive motions based on well-settled law. These motions are "deemed dispositive because a ruling favorable to the movant frequently decides the case with respect to those movants." *Blankenship*, 2019 WL 6173530, at *3. A stay to resolve such case-dispositive motions is appropriate because "a finding in defendant's favor could completely resolve the case without any need for discovery." *Rowe v.*

---

[1] "Alternatively, a three-factor analysis has been applied when considering whether to grant a motion to stay discovery." *Blankenship*, 2019 WL 6173530, at *3. These factors are: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id*. (quoting *Slone v. State Auto Prop. & Cas. Ins. Co.*, No. 2:19-CV-00408, 2019 WL 4733555, at *1 (S.D. W. Va. Sept. 26, 2019)). For the same reasons set forth in the motion, a stay of discovery is warranted under this similar test as well.

*Citibank N.A.*, No. 5:13-cv-21369, 2015 WL 1781559, at *2 (S.D.W. Va. Apr. 17, 2015). Such motions "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). "In the event that any of the motions to dismiss are granted, any resources devoted to the time-consuming and expensive discovery process would be fruitless." *Blankenship*, 2019 WL 6173530, at *3. Thus, this factor strongly supports a stay. *See Citynet, LLC*, 2016 WL 6133844, at *1; *Bishop v. Quicken Loans, Inc.*, 2010 WL 3359604, at *3 (S.D. W. Va. Aug. 23, 2010).

### 2. Legal Challenge or Sufficiency of Allegations

The second factor considers whether the challenge is a "matter of law" or the "sufficiency" of the allegations. *Blankenship*, 2019 WL 6173530, at *3. Here, the pending motions are primarily based on the lack of subject matter jurisdiction, because Defendants are entitled to state sovereign immunity and because Plaintiffs lack standing. Either way, this Court lacks authority to adjudicate the claims alleged against the Defendants.

What is more, state sovereign immunity is absolute and, like other forms of immunity, confers immunity from suit—*including the burdens of discovery*. Immunity from suit is a broad protection "meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery . . . , as inquiries of this kind can be peculiarly disruptive of effective government." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal quotation marks omitted). A defendant is therefore generally entitled to have immunity questions resolved at the earliest possible stage, including before being required to engage in discovery. Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims . . .

4

immunity to engage in expensive and time consuming preparation to defend the suit on its merits"). Indeed, as the Supreme Court has observed, "the value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993).

Given that these arguments pose purely legal challenges to Plaintiffs' ability to sue these defendants, this factor weighs strongly in favor of a stay of discovery. *See, e.g., Cox v. Zmuda*, No. 22-CV-3154, 2023 WL 5152498, at *2 (D. Kan. Aug. 10, 2023) (staying discovery pending motion to dismiss based on sovereign immunity); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (same); *Meros v. Dimon*, No. 2:18-CV-00510, 2018 WL 4560596, at *2 (S.D. Ohio Sept. 24, 2018) (same, based on absolute judicial immunity).

3. *Nature and Complexity*

In contrast to what are pure issues of law to be decided on the motions to dismiss, the conduct of discovery in this matter promises to be a complicated endeavor. By virtue of the high offices held by the Defendants, who are sued only in their official capacities, discovery is almost certainly to implicate critical privileges, including the executive, or deliberative process, privilege. *See City of Va. Beach v. U.S. Dept. of Commerce*, 995 F.2d 1247, 1252–53 (4th 1993); *Pulte Home Corp. v. Montgomery Cnty. Md.*, 2017 WL 2361167 (D. Md. May 31, 2017). Moreover, Defendants will continue to assert state sovereign immunity as a defense to the burdens of discovery pending the outcome of the motions to dismiss. *See Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.").

If one or both Defendants are dismissed as a result of the dispositive motions, "any resources devoted to those time consuming and expensive [discovery] efforts would be fruitless."

5

*Bragg v. United States*, 2010 WL 3835080, at *2 (S.D. W. Va. Sept. 29, 2010). Accordingly, this factor also favors a stay.

### 4.  Counterclaims or Cross-claims

No counterclaims or cross-claims have been filed. "The lack of counterclaims or cross-claims favors a stay of discovery." *Blankenship*, 2019 WL 6173530, at *4.

### 5.  Agreement to the Stay

Defendants' counsel certify that they conferred with counsel for Plaintiffs, who opposes the relief requested. However, the undersigned movants—the only Defendants in this case—agree that a discovery stay would be "'eminently logical.'" *Daily Gazette Co.*, 2007 WL 7575700 at *2. Under the circumstances, the "unanimity" of the Defendants in this case "weighs in favor of granting the stay." *Blankenship*, 2019 WL 6173530, at *4.

### 6.  The Posture or Stage of the Litigation

"Granting a stay is more appropriate when the action is early in the litigation process, especially before discovery is underway." *Blankenship*, 2019 WL 6173530, at *4. Here, this case "is in its infancy from a procedural standpoint." *Daily Gazette Co.*, 2007 WL 7575700 at *2; *Evans v. TRG Customer Sols., Inc.*, 2014 WL 2168931, at *1 (S.D. W. Va. May 23, 2014) (ordering stay while "[l]itigation is in its early stages"). Because "[n]o . . . discovery has occurred in this matter and the parties have not yet submitted a Rule 26(f) report," this factor "weighs in favor" of a stay. *Blankenship*, 2019 WL 6173530, at *4.

### 7.  Other Relevant Considerations

Several additional considerations support granting the stay. *First*, challenges to "preliminary issues" such as subject matter jurisdiction (state sovereign immunity and standing, among others) are a factor that support granting a stay of discovery pending the resolution of

dispositive motions on such preliminary issues. In *Blankenship*, Judge Copenhaver "agree[d] that the resolution of dispositive motions to dismiss," which raised the failure to state a claim as well as lack of personal jurisdiction, "is a preliminary issue that may avoid fruitless expenditures in discovery should any of these motions be granted." 2019 WL 6173530, at *5. The same goes here. As explained above, state sovereign immunity is a defense to suit altogether and, as such, it should be adjudicated at the earliest possible stage. After all, "[t]he very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (quoting *In re Ayers*, 123 U.S. 443, 404 (1887)).

*Second*, concerns about the burden of discovery have heightened significance in the context of high-ranking state officials named as defendants because it implicates federalism. In addition to comity, several doctrines demonstrate that the judiciary should avoid undue interference with important interests held uniquely or exclusively by States in our federal constitutional system. *See Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("The list of areas in which federal judicial interference would 'disregard the comity' that Our Federalism requires is lengthy. It encompasses those interests that the Constitution and our traditions assign primarily to the states. Functions which make our states self-governing sovereigns, rather than 'mere political subdivisions' or 'regional offices' of the federal government are inherently 'important state interests' . . . .") (cleaned up).

Here, federalism concerns are particularly acute, where Plaintiffs have sued the highest ranking executive official and constitutional officer of a State and a cabinet secretary concerning the administration of state-operated correctional facilities. What's more, the relief sought by Plaintiffs implicates state constitutional powers so fundamental to the division of power and

7

proper administration of state government—the appropriation of public funds *without* the approval of the Legislature—it is difficult to understate the anticipated burden of discovery on the State regarding such discretionary policy questions.

*Finally*, Judge Copenhaver considered two additional factors in *Blankenship*, both of which also favor a stay here. For one thing, the "interests of judicial economy" favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and "'the resolution of which may obviate the need for or limit discovery in this case.'" 2019 WL 6173530, at *5 (citation omitted). As in *Blankenship*, "a stay to resolve case-dispositive motions is appropriate" because "'a finding in defendant's favor could completely resolve the case without any need for discovery.'" *Id*. (citation omitted). "This preserves judicial economy by avoiding the fruitless expenditure of resources devoted to a time-consuming and expensive discovery process." *Id*.

For another, a stay of discovery creates no unfair prejudice to the non-moving party, the Plaintiffs here. In *Blankenship*, Judge Copenhaver found the plaintiff's assertion of prejudice to be "unpersuasive," because his position "would force a premature, cumbersome discovery process" for the defendants who filed dispositive motions to dismiss. 2019 WL 6173530, at *5. Any such argument advanced by Plaintiffs here should be rejected for the same reason.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order staying discovery until such time the Court rules upon the pending dispositive motions.

                                               **James C. Justice, II, Governor,**

                                               **By Counsel:**

                                               /s/ Michael B. Hissam

Michael B. Hissam (WVSB #11526)
J. Zak Ritchie (WVSB #11705)
Maureen F. Gleason (WVSB #14452)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
mhissam@hfdrlaw.com
zritchie@hfdrlaw.com
mgleason@hfdrlaw.com

*Counsel for James C. Justice, II, Governor, in his official capacity*


/s/ Natalie C. Schaefer
Natalie C. Schaefer, Esquire (WVSB #9103)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV 25339
(304) 345-1400; (304) 343-1826 (fax)
nschaefer@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com

*Counsel for Mark Sorsaia, Cabinet Secretary for West Virginia Department of Homeland Security, in his official capacity*

9