IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS SHEPPHEARD,　　　　　　　)
TYLER RANDALL, and　　　　　　　 )
ADAM PERRY, next friend　　　　　 )
and guardian of Minor child J.P.,　　)
on their own behalf and on behalf　　)
of all others similarly situated,　　　 )
　　　　　　　　　　　　　　　　 )
　　　　Plaintiffs,　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　 )　　　Civil Action No. 5:23-cv-00530
　　　　　　　　　　　　　　　　 )　　　(Judge Berger)
JAMES C. JUSTICE JR.,　　　　　　 )
in his official capacity as Governor of　)
the State of West Virginia, and　　　　)
MARK SORSAIA, in his official　　　 )
capacity as the Cabinet Secretary　　　)
of the West Virginia Department　　　 )
of Homeland Security,　　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　Defendants.　　　　　　　　 )
_____)

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO
STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

　　　　**COME NOW**, Plaintiffs, on their own behalf and on behalf of all others similarly situated,

by counsel, pursuant to L.R. Civ. P. 7.1 and file this *Plaintiffs' Response in Opposition to*

*Defendants' Joint Motion to Stay Discovery Pending Resolution of Dispositive Motions* ("*Joint*

*Motion*") [Doc. 20] stating as follows:

**STATEMENT OF THE CASE**

　　　　This is a class action suit filed against James C. Justice Jr. ("Governor Justice" or jointly

"Defendants"), in his official capacity as Governor of the State of West Virginia, and Mark Sorsaia

("Defendant Sorsaia" or jointly "Defendants"), in his official capacity as the Cabinet Secretary of

the West Virginia Department of Homeland Security ("WVDHS") seeking to remedy violations

of the Eighth Amendment's prohibition against cruel and unusual punishment in West Virginia prisons, jails, and juvenile facilities. These facilities are operated the West Virginia Department of Corrections and Rehabilitation ("WVDCR") as part of the WVDHS.

Count I of the *Complaint* alleges *Eighth Amendment* violations in the prison system and seeks injunctive relief to remedy the unconstitutional conditions that Defendants have permitted to persist. Plaintiffs allege that Defendants violated their constitutional rights guaranteed under the *Eighth Amendment* by depriving them of basic human necessities, cruel and unusual punishment, and denying care for serious medical needs. *See, Complaint* ("*Compl.*") [Doc. 9] at ¶163. Defendants are alleged to have been "deliberately indifferent to the health, safety, and other basic needs of Plaintiffs (and all similarly situated inmates and former inmates)" and to have had "actual knowledge of such conditions and deliberately taking no action to remedy them in a timely or appropriate manner." *See id.* at ¶165.

Specifically, Plaintiffs allege that "[t]he actions of Defendants, described hereinabove, were not taken in good-faith, were objectively unreasonable, and were in violation of clearly established law." *See id.* at ¶166. Further, Plaintiffs allege that "[d]uring the time period at issue, it was clearly established that the serious deprivations of basic human needs at MOCC, Southwestern, and Kuhn and all other West Virginia correctional facilities, as described hereinabove, violated the Eighth Amendment to the United States Constitution." *See id.* at ¶167. Plaintiffs allege that as a result of the unconstitutional conduct of the Defendants, "Plaintiffs (and all similarly situated inmates and former inmates) are suffering a deprivation of their Constitutional rights." *See id.* at ¶168.

On November 1, 2023, an *Order and Notice* [Doc. 14] was entered setting forth dates pursuant to L.R. Civ. P. 16.1 by which certain actions were to be completed. The *Order and Notice*

provides that Rule 12(b) motions are to be filed by November 21, 2023. *Id*. Further, the *Order and Notice* specifically contemplates that the parties confer and develop a discovery plan. *Id*.

Subsequent to the entry of the *Order and Notice,* Defendants each sought dismissal of the *Complaint* in its entirety for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *See*, Docs. 12, 13, 15, and 16. Plaintiffs responded to each *Motion*. *See*, Docs. 17 and 18. Defendant Sorsaia filed a *Reply* i*n Support of Defendant Mark Sorsaia's Motion to Dismiss*. *See*, Doc. 22.

Defendants' *Joint Motion* [Doc. 20] seeks a stay of discovery contending that their respective *Motions to Dismiss* set forth arguments based purely legal grounds for dismissal and a finding in their favor on any one of the grounds would be dispositive of the case. *See*, *Joint Motion* [Doc.20], at p. 2. Further, they argue that a stay would "prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id*. (citation omitted).

## LEGAL STANDARD

### A. This Court has the Discretion to Evaluate the Circumstances of this Action and Determine that the Defendants' Motion for Stay of Discovery should be Denied.

A court may stay discovery pending a dispositive motion. *Bragg v. United States*, Civil Action No. 2:10-0683, 2010 U.S. Dist. LEXIS 106239, *2 (S.D. W. Va. Sep. 29, 2010) (citation omitted). "[M]otions to stay discovery are generally disfavored, and the burden on the moving party is relatively heavy." *Oakley v. Coast Prof'l, Inc*., No. 1:21-00021, 2021 U.S. Dist. LEXIS 149349, *3 (S.D. W. Va. Aug. 10, 2021) (citation omitted).

"[T]he mere filing of a dispositive motion does not entitle the moving party to a stay of discovery." *Sheehan v. United States*, Civil Action No. 5:11CV170, 2012 U.S. Dist. LEXIS 47503, at ** 4-5 (N.D.W. Va. Apr. 4, 2012); *See also*, *Knisely v. Nat'l Better Living Ass'n*, No. 3:14-CV-15, 2014 U.S. Dist. LEXIS 24037, * 3 (N.D.W. Va. Feb. 26, 2014) ("[T]he Court finds it is

inappropriate to grant a stay based solely upon the likelihood of success of a motion that NBLA claims is dispositive."). In denying motions to stay discovery, District Courts recognize that the Federal Rules of Civil Procedure do not provide for a stay of discovery pending a motion to dismiss. *See*, *O'Hara v. William Capouillez & Geological Assessment & Leasing*, No. 5:13-cv-119, 2013 U.S. Dist. LEXIS 177511, *3 (N.D.W. Va. Dec. 18, 2013) ("Defendants cite no authority, and indeed there is none, for the proposition that the undersigned can hold discovery in abeyance in the absence of an Order by the District Judge staying this case."); *Tonti Mgmt. Co. v. Soggy Doggie, LLC*, No. 19-13134, 2020 U.S. Dist. LEXIS 253079, *8 (E.D. La. Aug. 13, 2020) ("Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss.); *Escareno v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 U.S. Dist. LEXIS 66824, at *5 (N.D. Tex. May 15, 2014) ("And no federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on Defendants' Motion to Dismiss."); *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-05847-JST, 2013 U.S. Dist. LEXIS 61848, at **4-6 (N.D. Cal. Apr. 29, 2013) (citations and internal citations omitted) ("However . . . the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery.").

Indeed, as noted by the District Court for the Middle District of Pennsylvania:

There is nothing in the Federal Rules of Civil Procedure that mandates that discovery should not proceed before a motion to dismiss is decided. To the contrary, the timing set forth for discovery-related tasks in the Federal Rules, including for the parties' discovery planning conference under Fed. R. Civ. P. 26(f) and the court's issuance of a scheduling order under Fed. R. Civ. P. 16(b), indicates that it is expected that the parties in litigation will expeditiously begin discovery soon after a case is filed. A stay of discovery is not appropriate solely because a motion to dismiss is pending.

*Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (internal citations and quotation marks omitted).

The motion to dismiss in *Navient Corp.* was denied. *Pennsylvania v. Navient Corp.*, 354 F. Supp. 3d 529, 533 (M.D. Pa. 2018). The denial was affirmed on an interlocutory appeal. *Pennsylvania v. Navient Corp*, 967 F.3d 273, 295 (3d Cir. 2020).

In fact, the District Court for the Eastern District of Pennsylvania granted a plaintiff's motion to proceed with discovery in a case with multiple claims and defendants in spite of the fact that an interlocutory appeal was pending on the denial of qualified immunity for the federal defendants. *See*, *George v. Rehiel*, No. 10-586, 2012 U.S. Dist. LEXIS 50035, at *4 (E.D. Pa. Apr. 10, 2012) (Noting that a "delay may cause substantial prejudice because of loss of evidence and witnesses' recollection.").

The *Bragg* Court also noted that "[i]n considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required." *Bragg v. United States*, 2010 U.S. Dist. LEXIS 106239 at *3 (citation omitted); *See also*, *Blankenship v. Trump*, Civil Action No. 2:19-cv-00549, 2020 U.S. Dist. LEXIS 25302, *4 (S.D. W. Va. Feb. 13, 2020).

In the case *sub judice* Defendants have failed to "articulate why the benefits of a stay outweigh the cost of delay with specificity." *Oakley v. Coast Prof'l, Inc.*, No. 1:21-00021, 2021 U.S. Dist. LEXIS 149349, *4 (S.D. W. Va. Aug. 10, 2021) (citation omitted) (internal quotation marks omitted). Boilerplate language is insufficient. *Id.* at * 3. Defendants' generalized arguments mirror the arguments rejected by a District Court for the Northern District of California:

> Defendants support their request with the following argument: Defendants believe that discovery should be deferred until after Defendants have filed their answers to the complaint or any amended complaint. Deferring discovery until there is an operative complaint will promote efficiency and judicial economy, by avoiding

costly discovery on issues that may be rendered moot by the Court's decision on Defendants' motions to dismiss.

This argument does not constitute the showing of particular and specific need required by the foregoing authorities. It is an argument that any defendant facing a motion to dismiss could make. As previously noted, the pendency of a motion to dismiss is not ordinarily a reason to stay discovery.

*Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-05847-JST, 2013 U.S. Dist. LEXIS 61848, at *7-8 (N.D. Cal. Apr. 29, 2013) (internal citation and quotation marks omitted).

The Defendants have the burden of establishing their entitlement to a stay of discovery as no general rule exists staying discovery in a case during the pendency of a motion to dismiss. Defendants have failed to provide any specific justifications for being relieved of the duty under the Federal Rules of Civil Procedure to participate in the discovery process. Moreover, the immunities claimed by Defendants are unsupported by the allegations of the Complaint and Plaintiffs have substantial claims for injunctive relief. All of these factors justify the denial of the motion.

**B.** **<u>Consideration of the Factors used in Determining Whether to Grant a Motion for Stay Results in the Conclusion that Defendants' Motion should be Denied</u>**

Defendants contend that discovery should be stayed on the basis that the *Motions to Dismiss*, if granted, would be dispositive of the action. As discussed in the previous section, that statement is true for all motions to dismiss. Further, Defendants contend that judicial economy will be served and the parties would conserve their resources. Specifically, Defendants anticipate that they will assert claims of various privileges in response to discovery that has not yet been propounded. Finally, they argue that the principles underlying sovereign immunity preclude discovery since the immunity applies to all aspects of litigation.

The factors set forth by the Defendants for consideration of a motion to stay are consistent with Fourth Circuit precedent for both analyses and Plaintiffs will not reiterate the applicable standards herein, but rather will address the insufficiency of Defendants' arguments.

### 1. Type of Motion

Defendants seek dismissal on the basis of sovereign immunity and for failure to state a claim upon which relief can be granted. Their argument is simply that the granting of these motions will be dispositive and not conducting discovery will be more efficient. In essence, Defendants make generalized arguments in support of a stay that fail to inform this Court of any relevant fact that is different than any other motion to dismiss. The arguments are insubstantial and do not support a stay.

The *Blankenship* case relied upon by Defendants in support of their arguments is factually distinguishable in that the Court noted that "seventeen (17) motions to dismiss by forty-six (46) individual and organizational defendants are pending." *Blankenship v. Napolitano*, Civil Action No. 2:19-cv-00236, 2019 U.S. Dist. LEXIS 200572, *9 (S.D. W. Va. Nov. 19, 2019). In the present case, only two motions to dismiss are pending and they are substantially identical. Thus, while the sheer number of motions filed by numerous defendants in *Blankenship* is, in itself, a factor weighing in favor of a stay, that factor is absent herein.

In *Rowe*, the District Court noted that "defendant represents that it would incur 'very real and substantial' litigation expenses associated with responding to plaintiffs' current discovery," which requests documentation from 2005. *Rowe v. Citibank N.A.*, Civil Action No. 5:13-21369, 2015 U.S. Dist. LEXIS 50649, *4 (S.D. W. Va. Apr. 17, 2015). The Court concluded "[t]his extensive request for documents and information favors a brief stay of discovery." *Id*. No discovery requests have been served in the case *sub judice*. Therefore, as in *Blankenship* a factor favoring a stay of discovery is absent here.

*Neitzke* sets forth a general proposition of law regarding motions to dismiss. *See*, *Neitzke v. Williams*, 490 U.S. 319, 326-327, 109 S. Ct. 1827 (1989). However, the case is factually inapplicable as the United States Supreme Court was comparing the underlying purposes of Rule 12(b)(6) and 28 U. S. C. § 1915(d), the *in forma pauperis* statute. *Id*. at 326. Defendants again cite the *Blankenship* case with its many motions and defendants.

In *Citynet* Defendants cited the complexity of the issues and qualified immunity as reasons justifying a stay. *Citynet, LLC v. Frontier W. Va*., Civil Action No. 2_14-15947, 2016 U.S. Dist. LEXIS 144621, **3-4 (S.D. W. Va. Oct. 19, 2016). These arguments are similar to those made by Defendants *inter alia*, however, the Plaintiffs in this case are claiming unconstitutional conditions of confinement. *Citynet* was a Qui Tam action. *Citynet, LLC v. Frontier W. Va. Inc.*, Civil Action No. 2:14-15947, 2018 U.S. Dist. LEXIS 55049, *2 (S.D. W. Va. Mar. 30, 2018), *vacated by, remanded by, motion denied by United States ex rel. Citynet, LLC v. Gianato*, 2020 U.S. App. LEXIS 19367 (4th Cir. W. Va., June 22, 2020) (reversing the finding of qualified immunity and holding that qualified immunity did not apply to claims under the False Claims Act). *Citynet* demonstrates that staying discovery ultimately may be more inefficient than allowing discovery to proceed.

*Bishop* is inapplicable as the motion to stay discovery was unopposed. *Bishop v. Quicken Loans, Inc.*, No. 2:09-01076, 2010 U.S. Dist. LEXIS 86563, * 8 (S.D. W. Va. Aug. 23, 2010).

Defendants' argument with respect to the type of motion rests solely on the basis that the grant of the motions to dismiss may be dispositive and warrant a stay of discovery. This generalized assertion, which is true in every case, offers no support for the stay and should be construed to be in Plaintiffs' favor.

### 2. Legal Challenge or Sufficiency of the Allegations

Defendants claim that their *Motions to Dismiss* are based primarily upon legal issues, that is, sovereign immunity and standing. *See*, *Joint Motion*, at p. 4. However, both legal issues present disputed issues of fact underlying the legal determination. In their *Motions to Dismiss*, the Defendants seek to have this Court decide, as a matter of law, that these Defendants, one who declared a state of emergency on the basis of understaffing in the correctional institutions and one who has the power to investigate the conditions at the facilities and effectuate policy changes to address unconstitutional conditions of confinement are entitled to sovereign immunity. For example, Defendant Sorsaia's powers include authorization "to coordinate and establish standards for all operations and activities of the state related to homeland security efforts," which includes correctional facilities. *See*, *W. Va. Code § 15A-1-9*(a)(1) [2020].

Moreover, Defendants' *Motions to Dismiss* include claims that Plaintiffs failed to exhaust their administrative remedies, which, Defendants admit includes "matters outside the pleadings" and asked that if the Court considers those matters, that argument "should be viewed under Rule 56, and the remaining arguments should be considered under Rule 12." *See*, *Memorandum of Law in Support of Defendant Mark Sorsaia's Motion to Dismiss* [Doc. 13], at p. 4. This argument would necessarily involve discovery to determine if the grievance procedures were actually available to the Plaintiffs.

Assertions of sovereign immunity alone are insufficient to stay discovery. *See e.g.*, *B.L. v. Schuhmann*, No. 3:18-CV-151-RGJ-CHL, 2019 U.S. Dist. LEXIS 5554, **14-15 (W.D. Ky. Jan. 11, 2019); *See also*, Land Res. & Royalties LLC v. B&W Res., Inc., No. 6:22-CV-220-REW-HAI, 2023 U.S. Dist. LEXIS 160369 (E.D. Ky. Mar. 28, 2023) (following *Schuhmann*). The *Schuhmann* Court also noted that it was "not patently apparent" that the motions to dismiss would be granted

and that "[p]laintiffs, the Court, and the public have an interest in the case moving forward." *Id*. at *15. The claims in *Schuhmann* involved allegations of sexual abuse of minors participating in the Explorer program by former Louisville Metro Police Officers. *Id*. at **3-4.

Defendants cite general propositions of law that discovery should be stayed in the claim of sovereign immunity; however, district courts still retain the discretion to deny a motion to stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket [. . .] [h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936) (citation omitted); *See also, Clinton v. Jones*, 520 U.S. 681, 706-07, 117 S. Ct. 1636 (1997) (citing *Landis* and rejecting "categorical immunity."). Defendants herein seek to claim the benefit of sovereign immunity before Defendants have established a right to sovereign immunity to the detriment of the Plaintiffs who claim to be suffering from unconstitutional conditions of confinement.

Defendants cited cases again miss the mark. The *Cox* case leaves open the question of whether the District Court would have granted the *pro se* plaintiff an opportunity to conduct jurisdictional discovery if the plaintiff had articulated the discovery sought and the purpose of the discovery. *Cox v. Zmuda*, No. 22-CV-3154-JWB-TJJ, 2023 U.S. Dist. LEXIS 139936, **4-5 (D. Kan. Aug. 10, 2023).

The *Whatsapp* case involved the question of a stay pending appeal. *Whatsapp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 587 (N.D. Cal. 2020). The appeal sought reversal of the District Court's decision that "defendants could not assert any sovereign immunity derived from their clients who are sovereign nations." *Id*. Thus, the case addresses different factual circumstances and a different form of immunity.

*Meros* is another case brought by a *pro se* plaintiff in which the plaintiff did not file a response to the motion for stay. *Meros v. Dimon*, No. 2:18-cv-00510, 2018 U.S. Dist. LEXIS 162569, *2 (S.D. Ohio Sep. 24, 2018). Plaintiff served discovery prior to the *Rule 16* preliminary pretrial conference and the parties did not hold a *Rule 26(f)* meeting. *Id*. The Court determined that a "stay of discovery until the *Rule 26(f)* conference is proper." *Id*. at *4. Even absolute judicial immunity did not warrant a blanket stay until a decision on motions to dismiss.

Defendants acknowledge that their respective *Motions to Dismiss* present both legal challenges as they claim immunity and challenges to the sufficiency of the *Complaint*. Defendants focus, however, on their claims of sovereign immunity. Even if immunity from suit is claimed, district courts retain the discretion to deny a motion to stay discovery. Therefore, Defendants' assertion of an automatic stay of discovery on the basis that one of the arguments set forth in the *Motions to Dismiss* is sovereign immunity in not determinative of whether a stay should be granted.

### 3.  Nature and Complexity

Defendants promise to continue to assert sovereign immunity to any discovery propounded by Plaintiffs. Thus, Defendants are determining that they are entitled to sovereign immunity, including immunity from discovery, despite an order from this Court determining that sovereign immunity is applicable. In essence, Defendants seek to override the inherent authority of this Court to control discovery and apparently are asserting that even if this Court were to deny the *Joint Motion* Defendants would still seek a protective order relieving them from responding to discovery by asserting sovereign immunity.

Moreover, Defendants are certain that the discovery requests "will implicate critical privileges." *See*, *Joint Motion*, at p. 5. Defendants completely disregard the potential for the

discovery requests not to implicate any privileges, critical or otherwise. For example, Plaintiffs may propound discovery regarding the number of inmates incarcerated and the capacity of the facilities or other such factual inquiries. Defendants' argument in this regard is entirely speculative as no discovery has been propounded.

Defendants' argument with respect to the nature and complexity of the case should be disregarded as the argument is based upon the intent to continue to assert sovereign immunity with respect to discovery and speculation that privileges will be implicated.

### 4. Counterclaims and Cross-Claims

Defendants are correct in that no counterclaims or cross-claims have been filed.

### 5. Agreement to the Stay

Defendants obviously agree that a stay is appropriate since they filed a joint motion and are the only two defendants named. As the claims against them are based upon the same constitutional violations, their interests are identical. Therefore, their agreement, unlike the agreement of forty-five defendants in *Blankenship*, should carry no weight in the decision-making process.

### 6. The Posture or Stage of the Litigation

Defendants contend that the early stage of the proceedings weigh in favor of a stay. The *Order and Notice* [Doc. 14] entered on November 1, 2023 clearly contemplates that the parties will proceed with the requirements set forth in L.R. Civ. P. 16.1. Further, the Rule 26(f) Report is to be filed on December 5, 2023, before Defendants' *Joint Motion* would be ripe for consideration. Thus, while the present action had not proceeded to active discovery, the actions taken by the parties to date have gone beyond the initiation of the action and a response.

### 7.   Other Relevant Considerations

Defendants again rely heavily on the *Blankenship* case, which is factually inapposite to the case *sub judice*. While subject matter jurisdiction is a preliminary issue, that fact weighs more heavily in a case with seventeen motions to dismiss than in a case with two motions to dismiss. In *Blankenship,* a plethora of discovery could have occurred. The two Defendants herein with similar, if not identical, interests do not present circumstances that would engender a risk of numerous discovery requests to multiple parties.

Next, Defendants contend that the *Complaint* in this matter concerns "important interests held uniquely or exclusively by States in our federal constitutional system." *See*, *Joint Motion*, at p. 7. This argument falls flat as Plaintiffs contend that their federal constitutional rights are continuing to be violated. Surely, Defendants do not contend that a State has an important interest in violating the *Constitution of the United States*.

Defendants' legal precedent in this argument are also unsupportive of their position. The *Harper* case cited by Defendants addresses the *Younger* abstention doctrine. *Harper v. PSC*, 396 F.3d 348, 351 (4th Cir. 2005). *Harper* identified examples of the areas which are traditionally held to be within a State's purview, which included criminal proceedings; enforcing state court judgments; family relations; property law, probate, trusts, and estates; public health; licensing of medical professionals; corporate law; domestic insurance companies; and, gambling. *Id*. at 352-353. Yet, each of these areas is subject to overriding federal constitutional requirements and overriding federal statutes under the *Supremacy Clause*. Defendants' remedy for their concerns about federal court involvement in the State's affairs is to eliminate the unconstitutional conditions at it correctional facilities. This remediation should have been an ongoing process over the past decade and not become a series of current band-aids applied in an attempt to staunch the blood

flow from a severed carotid artery. Defendants characterize the issues *inter alia* as "discretionary policy questions." *See*, *Joint Motion*, at p. 8. They are, in fact, constitutional questions.

Defendants again raise the generic argument that the *Motions to Dismiss* may be dispositive. Defendants cite no case that a pending motion to dismiss, standing alone, justifies a stay of discovery.

Finally, Defendants contend that "a stay of discovery creates no unfair prejudice to the non-moving party." *Id*. Plaintiff alleges ongoing violations of their constitutional rights. Delay in conducting discovery will necessarily result in further deprivation of Plaintiffs' constitutional rights. Plaintiffs would suffer unfair prejudice.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court **DENY** *Defendants' Joint Motion to Stay Discovery Pending Resolution of Dispositive Motions*.

**PLAINTIFFS,**
**By Counsel**

/s/ Stephen P. New
Stephen P. New (WVSB 7756)
Emilee B. Wooldridge (WVSB 14310)
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
Ph: (304) 250-6017
Fax: (304) 250-6012
steve@newlawoffice.com
emileell@newlawoffice.com

Timothy Lupardus (WVSB No. 6252)
The Lupardus Law Office
275 Bearhole Road
Pineville, West Virginia 24874
(304) 732-0250
office@luparduslaw.com

Zachary Whitten (WVSB No. 13709)

The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
zwhittenlaw@gmail.com

Robert Dunlap (WVSB No. 10012)
Robert Dunlap & Associates
208 Main Street
Beckley, West Virginia 25801
(304) 255-4762
robertdunlapesq@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | | |
|---|---|---|
| **THOMAS SHEPPHEARD,** | ) | |
| **TYLER RANDALL, and** | ) | |
| **ADAM PERRY, next friend** | ) | |
| **and guardian of Minor child J.P.,** | ) | |
| **on their own behalf and on behalf** | ) | |
| **of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:23-cv-00530** |
| | ) | **(Judge Berger)** |
| **JAMES C. JUSTICE JR.,** | ) | |
| **in his official capacity as Governor of** | ) | |
| **the State of West Virginia, and** | ) | |
| **MARK SORSAIA, in his official** | ) | |
| **capacity as the Cabinet Secretary** | ) | |
| **of the West Virginia Department** | ) | |
| **of Homeland Security,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiffs hereby certifies that a true and correct copy of the foregoing *Plaintiffs' Response in Opposition to Defendants' Joint Motion to Stay Discovery Pending Resolution of Dispositive Motions* was filed with the clerk on December 5, 2023 via the Court's CM-ECF Filing System which will provide electronic notification to all counsel of record.

/s/ Stephen P. New
Stephen P. New (WVSB No. 7756)