**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**THOMAS SHEPPHEARD,
TYLER RANDALL, and
ADAM PERRY, next friend and guardian of
Minor child J.P., on their own behalf
and on behalf of all others
similarly situated,**

    Plaintiffs,

v.                                                                                      Civil Action No. 5:23-cv-00530
                                                                                    Judge Irene C. Berger

**JAMES C. JUSTICE JR., his official capacity
as Governor of the State of West Virginia, and
MARK SORSAIA, in his official capacity
as the Cabinet Secretary of the West Virginia
Department of Homeland Security,**

    Defendants.

**PROTECTIVE ORDER**

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**I.    DISCOVERY PHASE**

A.    If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "**CONFIDENTIAL**." The individual or entity designating the document or materials as "**CONFIDENTIAL**" must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as "**CONFIDENTIAL**," the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked "**CONFIDENTIAL**."

      B.     If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

      C.     No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

      D.     Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any deposition taken in this action.

      E.     If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in

working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;
2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
4. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material; and
5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person.

## II. POST-DISCOVERY PHASE

A. If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g.*, *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8–9 (1986); *Virginia Dep't. of State Police v. Washington Post*, 386 F. 3d 567, 575 (4th Cir. 2004).

B.   Within thirty days after the conclusion of the action, each party shall gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as "**CONFIDENTIAL**," so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue to be "**CONFIDENTIAL**" and shall be subject to this protective order. The attorney may use his or her work product in other litigation provided that the attorney does not use or disclose the confidential documents.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTER:** _____
**HON. IRENE C. BERGER, JUDGE**

/s/*Stephen P. New (with permission)*
Stephen P. New (WVSB #7756)
Emilee B. Woolridge (WVSB #14310)
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801
Tel. 304-250-6017
Fax: 304-250-6012
Email: steve@newlawoffice.com
*Counsel for Plaintiffs*

Timothy Lupardus (WVSB #6252)
The Lupardas Law Office
275 Bearhole Road
Pineville, WV 24874
office@luparduslaw.com
*Counsel for Plaintiffs*

Zachary Whitten (WVSB #13709)
The Whitten Law Office
P. O. Box 753
Pineville, WV 24874
zwhitten@gmail.com
*Counsel for Plaintiffs*

Robert Dunlap (WVSB #10012)
Robert Dunlap & Associates
208 Main Street
Beckley, WV 25801
rdunlapesq@gmail.com
*Counsel for Plaintiffs*

*/s/ J. Zak Ritchie (with permission)*
Michael B. Hissam (WVSB #11526)
J. Zak Ritchie (WVSB #11705)
Maureen F. Gleason (WVSB #14452)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
mhissam@hfdrlaw.com
zritchie@hfdrlaw.com
mgleason@hfdrlaw.com
*Counsel for James C. Justice, Jr.*

*/s/Natalie C. Schaefer*
Natalie C. Schaefer (WVSB #9103)
Caleb B. David (WVSB #12732)
Kimberly M. Bandy (WVSB #10081)
Shannon Rogers (WVSB #13920)
Shuman McCuskey Slicer PLLC
1411 Virginia Street East, Suite 200
Charleston, WV 25301
Telephone: (304) 345-1400
Facsimile: (304) 343-1826
nschaefer@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
*Counsel for Mark Sorsaia*