IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**THOMAS SHEPPHEARD,**
**TYLER RANDALL, and**
**ADAM PERRY,** next friend and guardian of
Minor child J.P., on their own behalf
and on behalf of all others
similarly situated,

      Plaintiffs,

v.                                                      Civil Action No. 5:23-cv-00530
                                                            Judge Irene C. Berger

**JAMES C. JUSTICE JR.,** his official capacity
as Governor of the State of West Virginia, and
**MARK SORSAIA,** in his official capacity
as the Cabinet Secretary of the West Virginia
Department of Homeland Security,

      Defendants.

**DEFENDANT MARK SORSAIA'S RESPONSE TO
PLAINTIFFS' MOTION TO DEEM ADMITTED
<u>DEFENDANT MARK SORSAIA'S RESPONSES TO REQUESTS FOR ADMISSION</u>**

        **NOW COMES** Defendant Mark Sorsaia, in his official capacity as the Cabinet Secretary of the West Virginia Department of Homeland Security, by counsel, Natalie C. Schaefer, Caleb B. David, Kimberly M. Bandy, and Shuman McCuskey Slicer PLLC, and submits this Response to "Plaintiffs' Motion to Deem Admitted Defendant Mark Sorsaia's Responses to Requests for Admission." (ECF No. 58).

**INTRODUCTION**

        Plaintiffs' Complaint seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments. Compl. ¶1. Specifically, Plaintiffs allege that overcrowding, understaffing, and deferred maintenance at the facilities where

1

they are housed constitute deliberate indifference to Plaintiffs' health and safety as a result of the conditions of confinement in the State's correctional facilities. Compl. ¶2.

On January 25, 2024, Plaintiffs propounded 131 requests for admission upon Secretary Sorsaia. A significant portion of the requests seek admissions of purely legal questions, including many beginning with "[a]dmit that the WVDOCR has a duty …." Sorsaia's Disc. Resps., pp. 42-69 (ECF Doc. 58-1). Many additional requests seek admissions of broad generalizations and ambiguous statements sought to be applicable to every correctional facility in West Virginia over a 7-year period. Sorsaia's Disc. Resps., pp. 42-106. Secretary Sorsaia responded to each of Plaintiffs' requests separately; however, because of the similar defects in Plaintiffs' requests, Secretary Sorsaia asserted similar objections, when applicable. Regardless, Secretary Sorsaia raised appropriate objections, explained those objections, admitted requests to the extent an admission was appropriate, and denied the remaining requests while providing Plaintiffs with explanations of the reasons for denial. That is precisely the answering process contemplated by Rule 36.

Additionally, Secretary Sorsaia lodged general objections to requests for information related to facilities other than those at which the Plaintiffs reside on the basis that the requests are overly broad, unduly burdensome, and not proportional to the needs of the case. *See Doe v. Cabell Cty. Bd. of Educ.*, No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022). For the same reasons, Secretary Sorsaia objected to providing information regarding conditions of confinement not alleged in the Complaint.

On March 26, 2024, counsel for all parties, had a conference call to meet and confer on what Plaintiffs believed to be deficiencies in Defendants' discovery responses. Other than notifying Defendants of Plaintiffs' intent to file the instant Motion, and despite inquiry regarding

2

the alleged deficiencies in Secretary Sorsaia's responses to the requests for admission, Plaintiffs declined to discuss any of Secretary Sorsaia's responses or objections to Plaintiffs' requests for admission. Instead, Plaintiffs stated that they were simply checking a box and need not discuss any particular requests, objections, or responses. Secretary Sorsaia did not receive any written correspondence from Plaintiffs regarding his responses to Plaintiff's requests for admission.

In their Motion to Deem Admitted, Plaintiffs are only slightly more forthcoming regarding the scope of their disagreement with Secretary Sorsaia's responses. While seeking to have all 131 responses deemed admitted, Plaintiffs only address four responses. Plaintiffs have, therefore, waived any argument regarding Secretary Sorsaia's responses to Requests Nos. 80 through 201 and 206 through 210.

## ARGUMENT

Regarding requests for admission, Rule 36(a)(4) of the Federal Rules of Civil Procedure states, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Additionally, any "grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5).

**I. Plaintiffs have waived any argument regarding Secretary Sorsaia's responses to Plaintiffs' requests for admission numbers 80 through 201 and 206 through 210.**

Plaintiffs' Motion to Deem Admitted is the first time Secretary Sorsaia has heard any specific argument regarding any of his responses to Plaintiffs' requests for admission. Plaintiffs only address specific concerns with responses to requests 202 through 205. Because Plaintiffs have failed to raise specific objections and arguments related to Secretary Sorsaia's responses to

3

requests 80 through 201 and 206 through 210, Plaintiffs have waived any argument that those responses are deficient.

In *McBurney v. Young*, 667 F.3d 454 (4th Cir. 2012), the Fourth Circuit held that the appellant "waived any challenge" to "the district court's analysis by not raising it in his opening brief." *Id.* at 470. District Courts within the Fourth Circuit have applied this holding to motions practice. *See Atrium Corp. Cap. Ltd.. v. Williams*, No. 9:22-cv-03427-DCN, 2023 U.S. Dist. LEXIS 213184, n.3, 2023 WL 8282769, n.3 (D.S.C. Nov. 30, 2023) ("[T]he court notes that [the plaintiff] first raises this argument in its reply brief which means it waived those arguments for this motion.") (citing *McBurney*, 667 F.3d at 470); *see also Lynch v. Mount Vernon Fire Ins. Co.*, No. 2:23-cv-02086-DCN, 2023 U.S. Dist. LEXIS 179883, n.4 (D.S.C. Oct. 5, 2023) ("[A] party waives an argument by raising it for the first time in its reply brief, therefore the court need not consider the distinction.") (citing *McBurney*, 667 F.3d at 470). Therefore, because Plaintiffs have failed to raise any argument related to Secretary Sorsaia's responses to requests 80 through 201 and 206 through 210, Plaintiffs have waived any argument that those responses are deficient. Plaintiffs' Motion should be denied as to those 127 responses.

**II.      Numerous requests propounded by Plaintiffs seek admissions to purely legal questions; therefore, Secretary Sorsaia's objections are proper.**

Rule 36 of the Federal Rules of Civil Procedure provides that requests for admission are proper if they seek admissions relating to "(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36. This Court has held that a "request involving a 'pure matter of law' i.e., a request for admissions of law unrelated to the facts of the case, is considered improper." *Reliance Ins. Co. v. Marathon LeTourneau Co.*, 152 F.R.D. 524, 525 n.2 (S.D.W. Va. 1994).

Duty is a legal question for this Court to determine. Common law duty, however, does not apply to constitutional claims. Plaintiffs assert claims for injunctive and declaratory relief regarding conditions of confinement related to alleged overcrowding, understaffing, and deferred maintenance at three correctional facilities. No common law duty standard applies to Plaintiffs' claims. Rather, Plaintiffs must meet a deliberate indifference standard. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) ("Whether one characterizes the treatment received by [the prisoner] as inhumane conditions of confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the 'deliberate indifference' standard ….") (citations omitted). To meet this standard, a two-pronged analysis must be satisfied. *Id.* at 298. First, the objective component asks: was the deprivation sufficiently serious? *Id.* Second, the subjective component asks: did the officials act with a sufficiently culpable state of mind? *Id.* Thus, generalized "duty" requests for admission are inappropriate in this case and seek admission of purely legal questions in contradiction to Rule 36.

A significant portion of the requests seek admissions of purely legal questions, including many beginning with "[a]dmit that the WVDOCR has a duty …." Sorsaia's Disc. Resps., pp. 42-69 (ECF Doc. 58-1). Because duty is a purely legal question and because these requests are vague and ambiguous and not truly applicable to Plaintiffs' claims, Secretary Sorsaia objected. The objections lodged by Secretary Sorsaia are detailed and explain the reasons for the objections. For instance, Request for Admission 80 (Plaintiffs' first request for admission) states, "Admit that the WVDOCR has a duty to provide inmates at West Virginia's correctional facilities with humane conditions of confinement." Sorsaia's Disc. Resps., p. 42 (ECF Doc. 58-1). Secretary Sorsaia objected,

> Objection. This request seeks the admission of a purely legal statement, which is beyond the scope of Rule 36 of the Federal Rules of Civil Procedure. This request

5

is also vague and ambiguous because the terms contained therein may be subject to different interpretations and thus not appropriate. Requests for admission may pertain only to "(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). "[T]he requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation…." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D at 73, 77 (citing *Booth Oil Site Admin Group v. Safety-Kleen Corp.*, 194 F.R.D. at 79; Moore's Federal Practice, P 36.10[6]). The 1970 Advisory Committee Notes state: "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." The Notes further provide that the Rule "does not authorize requests for admissions of law unrelated to the facts of the case."

In other words, requests for admissions should be drafted in such a way that a response can be rendered upon a mere examination of the request. *Henry*, 212 F.R.D. at 79 (citing *Diederich v. Dept. of the Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)). Additionally, to the extent Plaintiffs are relying on Title 95 of the West Virginia Code of State Regulations to identify a legal duty, those regulations have been repealed. Moreover, no duty is absolute and depends on the circumstances of each particular condition. Notwithstanding this objection, and in a good faith attempt to respond to any portion of the request that may not be objectionable, it is admitted that WVDCR must reasonably provide access to humane conditions of confinement which is a responsibility shared by inmates who must keep their living areas clean and sanitary and not commit inmate vandalism that affects the inmates' conditions. Furthermore, WVDCR has multiple checks and balances in place to reasonably ensure humane conditions of confinement, including but not limited to, the grievance review and appeal process, the medical request process, the legislative reporting process, the inmate request process, disciplinary review hearing and appeal process, special management process, segregation process, inmate classification and review process, telephone privilege process, training process, legal mail process, lockdown process, bed assignment process, maintenance process (unique to each facility based on need), booking process, and segregation tracking process

Sorsaia's Disc. Resps., pp. 42-43 (ECF Doc. 58-1).

Secretary Sorsaia's responses to Request for Admission 80 and to all other "duty" requests for admission comply with Rule 36. Secretary Sorsaia properly objected, stated the legal bases for his objections, and made a good faith effort to respond, noting the reasons that a simple "admit" or "deny" could not be stated. Because Secretary Sorsaia's responses complied with Rule 36, and

because the stated bases for his denials were proper, the Court should deny Plaintiffs' motion to deem those responses admitted.

> **III. Numerous requests propounded by Plaintiffs seek admissions that Secretary Sorsaia violated duties. Because those requests are improperly vague and cannot be answered with a simple "admit" or "deny," Secretary Sorsaia's objections are proper.**

Plaintiffs propound dozens of requests for admission seeking admissions to overly generalized and ambiguous statements applicable to a seven-year period. These requests seek to have Secretary Sorsaia admit the violation of the alleged "duty" presented in the prior request for admission. Because, as stated in the section above, Plaintiffs' claims are subject to both an objective and subjective prong, no absolute duty exists, and Plaintiffs' claims are ones of degree. On that basis alone, Plaintiffs' requests are improper.

Additionally, "request[s] for admission [are] not a discovery device." *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010). Their purpose "is to narrow the issues for trial, not uncover new information." *Watkins v. Lincare, Inc.*, No. 3:22-cv-109, 2023 WL 5490181, at *3 (S.D.W. Va. Aug. 24, 2023). Rooted in that purpose, requests for admission are proper if they seek admission of a single fact or application of law to a single fact, rendering the request possible to answer with a simple "admit" or "deny" without explanation. *See Susko v. City of Weirton*, No. Civ. A. 5:09-CV-1, 2010 WL 1881933, at *3 (N.D. W. Va. May 7, 2010); *see also Booth Oil Site Admin. Gro. v. Safety-Kleen Corporation*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000) ("Ambiguous and vague requests which cannot be fairly answered will not be enforced.").

Plaintiffs' requests do not comply with this requirement. For example, Request for Admission 81 asks, "Admit that in 2018, 2019, 2020, 2021, 2022, 2023, and 2024 the WVDOCR did not ensure that all inmates at West Virginia's correctional facilities were provided humane conditions of confinement." Sorsaia's Disc. Resps., p. 43 (ECF Doc. 58-1). This request is vague,

7

overly generalized, and impossible to answer with a simple "admit" or "deny." Secretary Sorsaia does not know what Plaintiffs consider to be "humane" conditions of confinement. Furthermore, as discussed in the previous section, conditions of confinement claims are subject to a two-pronged analysis with a subjective component (Was the deprivation sufficiently serious?) and an objective component (Did the officials act with a sufficiently culpable state of mind?). Secretary Sorsaia cannot provide a succinct "admit" or "deny" to a request that necessarily requires him to determine what each Plaintiff believes constitutes "humane" conditions of confinement, whether each of the alleged inhumane conditions of confinement over a seven-year period were sufficiently serious, and whether the officials involved with the condition acted with a sufficiently culpable state of mind. Thus, Secretary Sorsaia properly asserted objections but still attempted to respond to the request:

> Denied as characterized. "[T]he requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation…." *Henry v. Champlain Enterprises, Inc*., 212 F.R.D at 73, 77 (citing *Booth Oil Site Admin Group v. Safety-Kleen Corp.*, 194 F.R.D. at 79; Moore's Federal Practice, P 36.10[6]). This request seeks an admission to an overly generalized statement over the course of seven years at all West Virginia facilities, including half of 2018 during which the WVDCR did not exist as currently constituted. Additionally, there were approximately 10,000 inmates in WVDCR facilities statewide in calendar year 2023 alone and whether a condition constitutes "inhumane conditions" depends on the circumstances of each particular condition. It is impossible to admit or deny if any inmate temporarily experienced a condition that could be construed as "inhumane" due to the sheer number of inmates and transitory nature of the inmate population. There may be isolated incidents in which an inmate experienced what could be considered an inhumane condition, but each facility has staff to address such conditions and a grievance process for each inmate to report these conditions. Such isolated incidents do not rise to the level of actionable violations of constitutional law under the Eighth or Fourteenth Amendment.

Sorsaia's Disc. Resps., p. 43 (ECF Doc. 58-1).

Plaintiffs balked at the opportunity to rephrase or clarify their requests in response to Secretary Sorsaia's objections. Secretary Sorsaia properly objected, stated the legal bases for his

objections, and made a good faith effort to respond, noting the reasons that a simple "admit" or "deny" could not be stated. Because Secretary Sorsaia's responses complied with Rule 36, and because the stated bases for his denials were proper, the Court should deny Plaintiffs' motion to deem those responses admitted.

### IV. Plaintiffs' arguments related to Secretary Sorsaia's responses to Requests for Admission Nos. 202 to 205 do not correct the impropriety of these requests.

Plaintiffs take issue specifically with Secretary Sorsaia's responses to Requests for Admission Nos. 202 to 205. Plaintiffs attempt to demonstrate that Secretary Sorsaia's proper objections with appropriate legal support and explanations are "boilerplate" and "cut and paste." Plaintiffs fail to recognize, however, that Requests 202 to 205 are flawed for similar reasons, resulting in similar objections.

Request 202 asks, "Admit that from January 1, 2018 to the present, West Virginia correctional facilities have never been tested for black or other toxic mold." Sorsaia's Disc. Resps., p. 104 (ECF Doc. 58-1). Secretary Sorsaia responded,

> Denied as characterized. "[T]he requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation…." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D at 73, 77 (citing *Booth Oil Site Admin Group v. Safety-Kleen Corp.*, 194 F.R.D. at 79; Moore's Federal Practice, P 36.10[6]). This request seeks an admission to an overly generalized statement over the course of seven years at all West Virginia facilities, including half of 2018 during which the WVDCR did not exist as currently constituted. Additionally, the terms "tested" and "toxic mold" are ambiguous and subject to multiple interpretations. Notwithstanding these objections, there may be isolated incidents in which a facility treated mold, but each facility has staff to address such conditions, and a grievance process for each inmate to report these conditions. Such isolated incidents do not rise to the level of actionable violations of constitutional law under the Eighth or Fourteenth Amendment.

Sorsaia's Disc. Resps., p. 104 (ECF Doc. 58-1). As stated in Secretary Sorsaia's objection, the terms "tested" and "toxic mold" are ambiguous and subject to multiple interpretations. Plaintiffs

9

may believe that "testing" requires taking samples and having them examined in a laboratory setting. Plaintiffs may believe that "testing" is simply visualizing areas of a cell following a complaint from an inmate. "Testing" may mean something entirely different. "Toxic mold" could mean allergenic. It could mean pathogenic. It could mean toxigenic. It could mean shower mildew. It could mean mold on food stored in a cell. Perhaps Plaintiffs reference to "toxic" is meant to describe symptoms. Plaintiffs may consider mold to be "toxic" if it causes congestion. Plaintiffs may consider mold to be "toxic" if it causes skin irritation. Plaintiffs could consider mold to be "toxic" only if it causes some more serious condition. These ambiguous terms render Plaintiffs' request unanswerable.

Secretary Sorsaia properly objected, stated the legal bases for his objections, and made a good faith effort to respond, noting the reasons that a simple "admit" or "deny" could not be stated. Because Secretary Sorsaia's response complied with Rule 36, and because the stated bases for his denials were proper, the Court should deny Plaintiffs' motion to deem this response admitted.

Request 203 asks a similar and similarly vague question: "Admit that from January 1, 2018 to the present, Wes[t] Virginia correctional facilities have never had professional mold remediation performed." Sorsaia's Disc. Resps., p. 104 (ECF Doc. 58-1). Secretary Sorsaia responded,

> Denied as characterized. "[T]he requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation…." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D at 73, 77 (citing *Booth Oil Site Admin Group v. Safety-Kleen Corp.*, 194 F.R.D. at 79; Moore's Federal Practice, P 36.10[6]). This request seeks an admission to an overly generalized statement over the course of seven years at all West Virginia facilities, including half of 2018 during which the WVDCR did not exist as currently constituted. Additionally, the phrase "professional mold remediation" is ambiguous and subject to multiple interpretations. Notwithstanding these objections, there may be isolated incidents in which a facility treated mold, but each facility has staff to address such conditions, and a grievance process for each inmate to report these conditions. There may have been other instances in which outside contractors have been retained to perform mold remediation services.

10

Sorsaia's Disc. Resps., p. 105 (ECF Doc. 58-1). As stated in Secretary Sorsaia's objection, the term "professional mold remediation" is ambiguous and subject to multiple interpretations. Plaintiffs may believe that "professional" requires off-site service providers to enter facilities. Plaintiffs may believe that on-site staff have the necessary experience to be "professional." Plaintiffs may believe remediation is a specific industry standard. Plaintiffs may believe that remediation only requires bleach to be used. Perhaps Plaintiffs believe that "professional mold remediation" is related to the products used. In that case, Plaintiffs may believe that "professional mold remediation" has occurred if an on-site staff member uses a particular commercial cleaner in the shower facilities. Plaintiffs may not mean shower mildew at all. This ambiguous term renders Plaintiffs' request unanswerable.

Secretary Sorsaia properly objected, stated the legal bases for his objections, and made a good faith effort to respond, noting the reasons that a simple "admit" or "deny" could not be stated. Because Secretary Sorsaia's response complied with Rule 36, and because the stated bases for his denials were proper, the Court should deny Plaintiffs' motion to deem this response admitted.

Request 204 asks, "Admit that from January 1, 2018 to the present, West Virginia correctional facilities have never been tested for bacteria or other contaminates [sic] in the air." Sorsaia's Disc. Resps., p. 105 (ECF Doc. 58-1). Secretary Sorsaia responded,

> Denied as characterized. "[T]he requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation…." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D at 73, 77 (citing *Booth Oil Site Admin Group v. Safety-Kleen Corp.*, 194 F.R.D. at 79; Moore's Federal Practice, P 36.10[6]). Additionally, the phrase "tested for bacteria or other contaminates in the air" is ambiguous and subject to multiple interpretations. Notwithstanding these objections, there may be isolated incidents in which a facility had testing for bacteria or other contaminates in the air, but each facility has staff to address such conditions, and a grievance process for each inmate to report these conditions.

11

Sorsaia's Disc. Resps., p. 105 (ECF Doc. 58-1). As stated in Secretary Sorsaia's objection, the term "tested for bacteria or other contaminates [sic] in the air" is ambiguous and subject to multiple interpretations. To illustrate the ambiguity of this term, the Court may consider a report of a BRIM inspection at Mount Olive Correctional Complex. *See* Inspection, pertinent portion attached hereto as **Exhibit A**, SORSAIA 011627. Within that inspection report, two pertinent questions are asked: 1) "Are carbon monoxide detectors located within the sleeping areas?" and 2) "Are detectors being tested?" **Ex. A**. The answers to both questions are "yes." Plaintiffs may believe that carbon monoxide is a "contaminant in the air" and that the ongoing use of the detectors constitutes "testing." Plaintiffs may have an entirely different definition of "testing" or "contaminant." This ambiguous term renders Plaintiffs' request unanswerable.

Secretary Sorsaia properly objected, stated the legal bases for his objections, and made a good faith effort to respond, noting the reasons that a simple "admit" or "deny" could not be stated. Because Secretary Sorsaia's response complied with Rule 36, and because the stated bases for his denials were proper, the Court should deny Plaintiffs' motion to deem this response admitted.

Finally, Request 205 asks, "Admit that from January 1, 2018 to the present, West Virginia correctional facilities have never had water tested for bacteria or other contaminates [sic]." Sorsaia's Disc. Resps., p. 105 (ECF Doc. 58-1). Secretary Sorsaia responded,

> Denied as characterized. "[T]he requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation…." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D at 73, 77 (citing *Booth Oil Site Admin Group v. Safety-Kleen Corp.*, 194 F.R.D. at 79; Moore's Federal Practice, P 36.10[6]). Additionally, the phrase "water tested for bacteria or other contaminates" is ambiguous and subject to multiple interpretations. Notwithstanding these objections, denied.

Sorsaia's Disc. Resps., p. 105 (ECF Doc. 58-1). As stated in Secretary Sorsaia's objection, the term "water tested for bacteria or other contaminates [sic]" is ambiguous and subject to multiple

interpretations. To illustrate the ambiguity of this term, the Court may consider a report from ALS Environmental related to water quality at Mount Olive Correctional Center. *See* ALS Report, attached hereto as **Exhibit B**, SORSAIA 014135 – SORSAIA 014145. ALS tests multiple variables, including pH and biochemical oxygen demand. Perhaps this is sufficient to meet Plaintiffs' definition, but perhaps it is not. Because Plaintiffs use ambiguous, broad, sweeping terms, Plaintiffs' request is unanswerable.

Secretary Sorsaia properly objected, stated the legal bases for his objections, and made a good faith effort to respond, noting the reasons that a simple "admit" or "deny" could not be stated. Because Secretary Sorsaia's response complied with Rule 36, and because the stated bases for his denials were proper, the Court should deny Plaintiffs' motion to deem this response admitted.

## CONCLUSION

Secretary Sorsaia's objections to Plaintiffs' requests for admission are well-founded and thus should be sustained. Accordingly, Plaintiffs' motion to deem them admitted must be denied.

**WHEREFORE**, Defendant Sorsaia requests that Plaintiffs' Motion to Compel be denied, and for such other and further relief as the Court may direct.

                                                                                  **MARK SORSAIA,**
                                                                                   **By Counsel**

*/s/ Caleb B. David*
Natalie C. Schaefer, Esquire (WVSB #9103)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
Shannon M. Rogers, Esquire (WVSC #13920)
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV 25339
(304) 345-1400; (304) 343-1826 (fax)
nschaefer@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**THOMAS SHEPPHEARD,
TYLER RANDALL, and
ADAM PERRY, next friend and guardian of
Minor child J.P., on their own behalf
and on behalf of all others
similarly situated,**

      **Plaintiffs,**

v.                                                              Civil Action No. 5:23-cv-00530
                                                              Judge Irene C. Berger

**JAMES C. JUSTICE JR., his official capacity
as Governor of the State of West Virginia, and
MARK SORSAIA, in his official capacity
as the Cabinet Secretary of the West Virginia
Department of Homeland Security,**

      **Defendants.**

## CERTIFICATE OF SERVICE

      The undersigned, counsel for Defendant Mark Sorsaia, do hereby certify that on the 26th day of April, 2024, a true and exact copy of **"DEFENDANT MARK SORSAIA'S RESPONSE TO PLAINTIFFS' MOTION TO DEEM ADMITTED DEFENDANT MARK SORSAIA'S RESPONSES TO REQUESTS FOR ADMISSION"** was filed via CM/ECF system which will send notification to the following:

                              Stephen P. New
                            Emilee B. Wooldridge
                         Stephen New & Associates
                          *Counsel for Plaintiff s*
                          430 Harper Park Drive
                           Beckley, WV 25801
                         steve@newlawoffice.com

                            Timothy Lupardus
                         The Lupardus Law Office
                         *Counsel for Plaintiffs*
                          275 Bearhole Road
                          Pineville, WV 24874
                         office@luparduslaw.com

Zachary Whitten
The Whitten Law Office
***Counsel for Plaintiffs***
P.O. Box 753
Pineville, WV 24874
zwhittenlaw@gmail.com

Robert Dunlap
Robert Dunlap & Associates
***Counsel for Plaintiffs***
208 Main Street
Beckley, WV 25801
rdunlapesq@gmail.com

Michael B. Hissam (WVSB #11526)
J. Zak Ritchie (WVSB #11705)
Maureen F. Gleason (WVSB #14452)
HISSAM FORMAN DONOVAN RITCHIE PLLC
***Counsel for Defendant Justice***
P.O. Box 3983
Charleston, WV 25339
mhissam@hfdrlaw.com
zritchie@hfdrlaw.com
mgleason@hfdrlaw.com


/s/ *Caleb B. David*
Natalie C. Schaefer, Esquire (WVSB #9103)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
Shannon M. Rogers, Esquire (WVSC #13920)
***Counsel for Mark Sorsaia***
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV 25339
(304) 345-1400; (304) 343-1826 (fax)
nschaefer@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com