**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**THOMAS SHEPPHEARD,
TYLER RANDALL, and
ADAM PERRY, next friend and guardian of
Minor child J.P., on their own behalf
and on behalf of all others
similarly situated,**

      **Plaintiffs,**

**v.**                                    **Civil Action No. 5:23-cv-00530
Judge Irene C. Berger**

**JAMES C. JUSTICE JR., his official capacity
as Governor of the State of West Virginia, and
MARK SORSAIA, in his official capacity
as the Cabinet Secretary of the West Virginia
Department of Homeland Security,**

      **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARK SORSAIA'S
MOTION FOR PROTECTIVE ORDER REGARDING AMENDED NOTICE OF
VIDEOTAPED DEPOSITION DUCES TECUM OF WILLIAM K. MARSHALL
AND AMENDED NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM OF
<u>MARK SORSAIA</u>**

      **NOW COMES** Defendant Mark Sorsaia, in his official capacity as the Cabinet Secretary

of the West Virginia Department of Homeland Security, by counsel, Natalie C. Schaefer, Caleb B.

David, Kimberly M. Bandy, Shannon M. Rogers, and Shuman McCuskey Slicer PLLC, and,

pursuant to Rule 26(c)(1) moves this Court for a Protective Order preventing the production of

certain documents required by Plaintiffs' Amended Notice of Videotaped Deposition Duces Tecum

of William K. Marshall (ECF Doc. 75) and by Plaintiffs' Amended Notice of Videotaped

Deposition Duces Tecum of Mark Sorsaia (ECF Doc. 74). In support of this Motion, Defendant

Sorsaia states as follows:

## INTRODUCTION

Plaintiffs' Complaint seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments. (ECF No. 9 ¶1). Specifically, Plaintiffs allege that overcrowding, understaffing, and deferred maintenance at the three facilities where they are housed constitute deliberate indifference to Plaintiffs' health and safety. (ECF No. 9 ¶2). According to the Complaint, Plaintiff Sheppheard is incarcerated at Mt. Olive Correctional Complex ("MOCC"); Plaintiff Randall is incarcerated at Southwestern Regional Jail ("SWRJ"); and Plaintiff J.P. is incarcerated at Donald R. Kuhn Juvenile Center ("DRK"). (ECF No. 9 ¶¶7-9). They allege that the action is brought on behalf of themselves and all others similarly situated. (ECF No. 9 ¶4). Plaintiffs seek extraordinarily broad-sweeping relief, asking this Court to direct the appropriation of 330 million dollars from West Virginia's budget surplus to the West Virginia Division of Corrections and Rehabilitation's correctional facilities "in order to make all of the necessary deferred maintenance repairs" and to hire and pay correctional staff. (ECF No. 9, Prayer for Relief at (e) and (f)). Plaintiffs further seek to "compel [Defendants] to implement and enforce policies, procedures, and practices" and to "compel them to make all necessary structural and/or infrastructure repairs, hazard abatements, financial investments, and personnel changes/additions." (ECF No. 9, Prayer for Relief at (c) and (d)).

On May 3, 2024, Plaintiffs filed an Amended Notice of Videotaped Deposition Duces Tecum of William K. Marshall and an Amended Notice of Videotaped Deposition Duces Tecum of Mark Sorsaia. Mr. Marshall is the Commissioner of the West Virginia Division of Corrections and Rehabilitation and not a party to this lawsuit. Plaintiffs' Amended Notices of Deposition include an extensive list of documents that Marshall and Sorsaia are required to produce five days prior to their depositions. This list of documents includes many of the same documents as those

requested in Plaintiffs' initial set of discovery requests to which this Defendant has already provided responses. Also included in the list of requested documents are items that fall within the ESI search protocols initiated by Sorsaia in response to Plaintiffs' discovery requests. This Defendant has already collected more than 170,000 documents that are potentially responsive to Plaintiffs' ESI requests and has begun the undertaking of reviewing these documents. In order for Marshall to comply with Plaintiffs' Notice, he would be required to engage in significant duplicative, cumulative, and unnecessary discovery because Marshall is included as a custodian in Sorsaia's ESI search protocols. In order for Sorsaia to comply with Plaintiffs' Notice, he would also be required to engage in significant duplicative, cumulative, and unnecessary discovery, including the initiation of an additional ESI search with 162 search terms for at least twenty-two custodians, including at least two custodians over whom Sorsaia has no control (Governor Justice and Brian Abraham). This discovery is unreasonable and not proportional to the needs of the case.

Extensive discovery has already been conducted and is ongoing. On January 25, 2024, Plaintiffs served their First Interrogatories, Requests for Production, and Requests for Admission to Defendant Mark Sorsaia. (ECF No. 34). In anticipation of several discovery issues, defense counsel attempted to preempt discovery conflicts and conferred with Plaintiffs' counsel on February 20, 2024, regarding several discovery issues, including: (1) the production of certain records that must be designated as "restricted not for inmate viewing" and (2) the parameters of ESI protocols for Defendant Sorsaia to implement in responding to Request for Production Nos. 13-33. *See* Correspondence from Natalie C. Schaefer to Stephen P. New, February 20, 2024, attached hereto as **Exhibit A**. That same day, Plaintiffs' counsel responded and refused to offer any counterproposal to Sorsaia's proposed ESI protocols. *See* February 20, 2024, email from Stephen P. New to Natalie C. Schaefer, attached hereto as **Exhibit B**.

On February 27, 2024, the parties stipulated that the Defendants had until March 15, 2024, to respond to the written discovery. (ECF No. 37). On March 15, 2024, Defendant Sorsaia served his responses to Plaintiffs' interrogatories, requests for production, and requests for admission. (ECF No. 41, 42, 43). Over 15,000 pages of documents were produced. Based on Plaintiffs' counsel's refusal to coordinate on ESI protocol as requested in defense counsel's February 20, 2024, correspondence, and in order to prevent delay in responding to discovery, defense counsel applied their proposed ESI protocol and added several custodians, including Commissioner Marshall, to the protocol in an effort to promote discovery efforts.

On March 26, 2024, the parties, by counsel, met and conferred by telephone to discuss discovery. During this discussion, defense counsel stated that the proposed ESI protocols set forth in the February 20, 2024, correspondence had been applied and the results were being reviewed. The application of this ESI protocols resulted in approximately 170,000 emails and documents, which are being reviewed by multiple attorneys for responsiveness and privilege. It was not until the meet and confer conference (i.e., *after* Defendant Sorsaia responded to discovery) that Plaintiffs' counsel sent defense counsel a copy of ESI protocols that were attached to Defendant ***Justice***'s Notice of Deposition and relayed that those protocols should also be applied to their discovery requests to Defendant ***Sorsaia***. *See* March 26, 2024, email from Emilee Wooldridge to all counsel, attached hereto as **Exhibit C** (irrelevant emails regarding scheduling excluded). This ESI protocol was provided *after* Defendant Sorsaia made efforts to confer with Plaintiffs' counsel prior to responding to discovery, *after* Defendant Sorsaia responded to Plaintiffs' discovery requests, and *after* defense counsel applied the proposed, broad-sweeping ESI protocols and began reviewing the voluminous results.

4

On April 25, 2024, Defendant Sorsaia supplemented discovery, producing an additional 2,000 pages of documents. (ECF No. 69). Defendant Sorsaia continues to work diligently to review the results of its ESI protocol which resulted in over 170,000 documents.[1] Requiring Marshall, as a non-party, to comply with Plaintiffs' document request would be unnecessarily duplicative of many of the efforts undertaken by Sorsaia, which includes review of ESI within Marshall's custody. Additionally, requiring Sorsaia to comply with Plaintiffs' document request would require Sorsaia to reproduce documents already produced in discovery and to produce documents already included within the ongoing ESI search.

Sorsaia certifies that he has conferred, by phone conference on May 16, 2024, in good faith with Plaintiffs regarding the document production requests at issue in this Motion.

## **ARGUMENT**

Federal Courts are required to issue a protective order where a subpoena recipient will be subjected to "annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure,

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). This Court has said that it is proper to issue a protective order to prohibit the discovery sought altogether. *Hall v. Putnam Cnty. Comm'n*, 2023 U.S. Dist. LEXIS 114957 *6 (S.D. W. Va. July 5, 2023). With regard to protective orders, "[t]he court may, for good

---

[1] There are currently six attorneys reviewing this information in a good faith diligent effort to produce this information in a reasonable time frame. Review of these documents is ongoing and has consumed hundreds of hours of time to date.

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the . . . discovery." Fed. R. Civ. P. 26(c)(1)(A).

Where a party seeks a protective order, a court, in making its determination, should take under consideration not only the grounds for a protective order under Rule 26(c)(1), but also should consider other rules that establish the parameters for discovery such as Rule 26(b)(2)(C). *Black v. W. Va. State Police*, 2023 U.S. Dist. LEXIS 130100 *19-20 (S.D.W. Va. July 27, 2023). In congruence with that standard, this Court has held that it is proper to grant a protective order preventing discovery on topics where discovery has already been conducted on the same topics. *Id*. at *25-26. The Fourth Circuit has also held that it is appropriate to grant a protective order to prevent discovery on certain topics where substantial discovery has already been conducted on those topics and the requests on a nonparty would be unnecessarily cumulative and duplicative. *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) (holding that it was proper for the district court to grant a motion for protective order where extensive discovery had taken place, including the production of over 400 emails, and the party had a continuing duty to supplement their earlier productions).

Here, Plaintiff has issued a subpoena to Marshall, Commissioner of the West Virginia Division of Corrections and Rehabilitation and a nonparty to this matter, requiring Marshall to sit for a deposition and produce an extensive list of seventeen categories of documents as stated in the Amended Notice. Many of the seventeen categories of documents that Plaintiffs seek to require Marshall and Sorsaia to produce are identical to documents requested from the Sorsaia in Plaintiffs' discovery requests, to which this Defendant has already responded and has produced over 17,000 pages of documents.

Specifically, Plaintiff seeks the following overly broad, cumulative, disproportional, and duplicative document production[2]:

1.    **Please produce any and all emails in possession, custody, and/or control of this witness in accordance with the ESI search protocol attached hereto as Exhibit 2.**

(ECF Doc. 75). While Plaintiffs' proposed ESI search protocol includes terms and custodians not included in Sorsaia's ESI search protocol, it seeks many of the same documents already being reviewed by Sorsaia. Additionally, emails to and from Governor Justice and Brian Abraham are not within the possession, custody, and control of Marshall or Sorsaia. Further, including custodians Jeff Sandy, Rob Cunningham, Betsy Jividen, Brad Douglas, Jim Stout, Curtis Dixon, Mike Mayes, David Farmer, Marvin Plumley, Denny Dodson, JT Binion, Mike Martin, Scott Patterson, Lance Yardley, and Steven Berthiume would be wildly overly broad and not proportional to the needs of the case. Sorsaia included Mark Sorsaia, William Marshall, Donnie Ames (former MOCC superintendent), Josh Ward (current MOCC superintendent), Toby Allen (SWRJ superintendent), and Jeremy Dolin (DRK superintendent) in his ESI protocol because these individuals are either a Defendant, Commissioner of WVDCR, or superintendent of one of the facilities at which Plaintiffs are incarcerated during the time Sorsaia has been Cabinet Secretary (and extending for a period of time before).

Most importantly, Plaintiffs seek the production of any and all emails that include any of the 162 search terms in their proposed ESI protocol regardless of whether those emails are responsive to any discovery request or relevant to any issue in this case. Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense and proportional to the needs of the case***, considering

---

[2] Many of the seventeen document production requests are subjects of an ongoing discovery dispute pursuant to Plaintiffs' Motion to Compel (ECF Doc. 54).

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Plaintiffs' proposed ESI search terms include words such as "boat," "dayroom," "floor," "tile," "bed," "pillow," "orange," "white," "drink," "black," "doctor," "nurse," "death," "form," "inspect," "soap," "officer," "civil," "kitchen," and many others that will necessarily capture thousands of search results that are entirely unrelated to Plaintiffs' claims, which are related to alleged overcrowding, understaffing, and deferred maintenance.

In addition to being irrelevant and overly broad, the additional ESI search protocol is not proportional to the needs of the case. "'If the requirement for proportionality in discovery means anything, however, it must mean that burdensome, tangential discovery should not be permitted based on the mere possibility that something may turn up to support what is otherwise only speculation.'" *VibrantCare Rehab., Inc. v. Deol*, No. 2:20-cv-00791-MCE-AC, 2022 U.S. Dist. LEXIS 116923, *9 (E.D. Cal. July 1, 2022) (quoting *McCall v. State Farm Mut. Auto. Ins. Co.*, No. 2:16-cv-01058-JAD-GWF, 2017 U.S. Dist. LEXIS 117250, 2017 WL 3174914, at *9 (D. Nev. July 26, 2017). Plaintiffs' additional ESI request is incredibly burdensome, especially in light of the significant, broad ESI search already conducted by Sorsaia. It also includes custodians and search terms that can only be described, at best, as tangential to the issues in this case. Therefore, Sorsaia respectfully requests that a protective order be entered prohibiting Plaintiffs from obtaining the document production in item 1 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia.

**2.  Please produce any and all text messages sent or received on your state issued cell phone in accordance with the ESI search protocol. See Ex. 2.**

For the same reasons, Sorsaia objects to this document production request. Requiring the production of all text messages that include any of the search terms is overly broad, will include irrelevant documents, and is not proportional to the needs of the case. Sorsaia does not object to production of text messages from his or Marshall's State-issued cell phones but does object to carte blanche production of any message that includes any of the 162 search terms proposed by Plaintiffs. Therefore, Sorsaia respectfully requests that a protective order be entered limiting the document production in item 2 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia to relevant text messages subject to the ESI protocol used by Sorsaia and within a reasonable scope of time.

**3.      Please produce any and all documentary evidence which causes you to question the validity of Plaintiffs' claims.**

This request seeks information that is subject to counsel's mental impressions and, therefore, is wholly inappropriate. As a Defendant, Sorsaia is entitled to rely upon counsel's impressions when determining whether evidence undermines the validity of Plaintiffs' claims. As a non-party, Marshall is not defending against Plaintiffs' claims, has never been served with the Complaint, and is not required to "question the validity of Plaintiffs' claims." Additionally, Sorsaia has provided documents in response to an identical discovery request:

> 1.      Please produce any and all documentary evidence which causes you, as Cabinet Secretary, to question the validity of Plaintiffs' claims.
>
> Response: Discovery has just begun so it is premature for the Defendant to be in a position to identify what evidence supports our defense; however, the named Plaintiffs' grievances, produced herein as Bates Nos. SORSAIA 000684-000713 and SORSAIA | JUVENILE 000001; Annual Reports, produced herein as Bates Nos. SORSAIA 000714-001153; inspection reports, produced herein as Bates Nos. SORSAIA 011612-012800; After Action Report, produced herein as Bates Nos. SORSAIA 015314-015521; and preventative and other maintenance records support the defense of this matter. Please note, grievances, grievance logs,

inspection reports, and the after action report are marked Confidential and are being produced in accordance with the Court's Protective Order.

(ECF Doc. 54-2). Thus, Sorsaia has already responded to this document production request, and any additional response would be duplicative. Therefore, Sorsaia respectfully requests that a protective order be entered prohibiting Plaintiffs from obtaining the document production in item 3 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia.

**4.      Please produce any reports of the Cabinet Secretary which were required to be sent to the Governor of West Virginia pursuant to Article VII section 18 of the *West Virginia Constitution*, including but not limited to, any information in writing under oath that was ever requested from officers of WVDMAPS/WVDHS; WVDOCR/West Virginia Regional Jail Authority, relating to the condition, management, and/or expenses of or having any way to do with West Virginia's correctional facilities, as it relates to the allegations in Plaintiffs' Complaint.**

This request has already been responded to in discovery:

2.      Please produce the reports of the WVDHS Cabinet Secretary which were required to be sent to the Governor pursuant to Article VII section 18 of the West Virginia Constitution, including but not limited to, any information in writing under oath that the Governor ever requested from officers of WVDMAPS/WVDHS; WVDOCR/West Virginia Regional Jail Authority, relating to the condition, management, and/or expenses of  or having any way to do with West Virginia correctional facilities, as it relates to the allegations in Plaintiffs' Complaint.

Response: Objection, the Request is not limited in time, and is therefore unreasonably broad in scope. For 2018-2024, no responsive documents exist because such reports were provided orally.

(ECF Doc. 54-2). Thus, Sorsaia has already responded to this document production request, and any additional response would be duplicative. Therefore, Sorsaia respectfully requests that a protective order be entered prohibiting Plaintiffs from obtaining the document production in item 4 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia.

5.     **Please produce documentation regarding any allegations, complaints, or concerns about alleged unconstitutional conditions of confinement at West Virginia correctional facilities from January 1, 2020 to present, inclusive of those from inmates, inmate families, employees, or any other person or entity.**

6.     **Inmate grievances from January 1, 2020 to present regarding conditions having any way to do with the allegations in Plaintiffs' Complaint.**

Sorsaia has already responded to several discovery requests that are identical or nearly

identical to these document production requests:

6.     Any letter, message, e-mail, note, memo, voicemail, or other communication from any WV citizen, private entity or organization, or news outlet or organization complaining about, or raising concerns over, the conditions of confinement at all correctional facilities as alleged in Plaintiffs' Complaint, from January 1, 208 to present.

Response: Objection, there appears to be a typographical error in the Request, and the responding party is responding for the timeframe of January 1, 2018 to the present. Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D.W. Va. Jan. 31, 2022). The scope of the Request, to the extent that it requests information regarding conditions of confinement at all correctional facilities, is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities.
Additionally, the request for every "letter, message, e-mail, note, memo, voicemail, or other communication" is unreasonably broad and burdensome given the size of the agency and the potential volume of responsive information. To the extent the Request seeks responsive e-mails, an ESI search has been conducted and counsel are currently in the process of reviewing the search results for responsiveness and privilege. The Defendant objects to further search of e-mail information based upon scope, burdensomeness, and proportionality, and Plaintiff's failure to timely confer regarding the same. Additionally, disclosure of records and information concerning a child or juvenile which are maintained by the Division of Corrections and Rehabilitation are confidential and their disclosure is prohibited by West Virginia Code § 49-5-101 unless certain conditions are met. As such, information relating to the single complaint regarding DRK during the requested time period is being withheld based upon the statute.

Without waiving these objections, and in an effort to respond to portions of the request that are not objected to, please see the complaint documentation regarding SWRJ, Bates Nos. SORSAIA 001161-001200. Please note, these documents are being produced pursuant to the entered Protective Order in this matter and are marked Confidential. Additional documentation, if any, from MOCC, has been requested and will be produced upon receipt.

9.      All grievances filed by each inmate from August 8, 2021 to the present referring or relating to:
[list of 38 conditions]

Response: Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. Defendant Sorsaia objects to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case, as it seeks all grievances filed by all inmates related to 38 topics. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022), ("[t]he question is no longer whether the discovery sought is 'reasonably calculated to lead to the discovery of admissible evidence;' rather, the inquiry is whether the discovery is 'relevant to any party's claim or defense and proportional to the needs of the case.'") (internal citation omitted).
The only conditions relevant to this matter are those related to Plaintiffs' claims of "inadequate" portions of food; access to showers only with hot water; "regular" access to new toothbrushes and toothpaste; access to a law library; access to recreational time; undercooked food; access to hot water at DRK; being housed in "overcrowded" cells; inmates sleeping on the floor while at Southwestern; mold while at Southwestern; rodent feces at Southwestern; and "inadequate" portions of food at Southwestern. Therefore, subject to and without waiving said objections, and in a good faith effort to respond, please see attached grievance logs from August 8, 2021 to the present from SWRJ, attached hereto as Bates Nos. SORSAIA 000001-000393, DRK, attached hereto as Bates Nos. SORSAIA 000394-000401, and MOCC, attached hereto as Bates Nos. SORSAIA 000402-000683. Further, please see grievances related to the above topics for Tyler Randall, attached hereto as Bates Nos. SORSAIA 000684-000694, Thomas Sheppheard, attached hereto as Bates Nos. SORSAIA 000695-000713, and J.P., attached hereto as Bates Nos. SORSAIA | JUVENILE 000001. Please note, these documents are marked Confidential and are being produced in accordance with the Court's Protective Order.

13.     All internal communications (including but not limited to, letters, memos, notes, e-mail, text messages, faxes, etc.) from January 1, 2021 to the present between or among you or any employee, agent, or representative of the WVDOHS/WVDOCR referring or relating to the conditions of confinement at each correctional facility in West Virginia.

Response:  Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022). Per the undersigned's proposed ESI protocol, communications (internal and external) have been compiled from the following custodians: Mark Sorsaia, Robert Cunningham, William Marshall, Toby Allen, Jeremy Dolin, and Joshua Ward. The three superintendent custodians are the superintendents of SWRJ, MOCC, and DRK. This information has been compiled and is being reviewed for responsiveness and privilege. There are over 170,000 electronic communications to be reviewed and will require additional time.

(ECF Doc. 54-2). Thus, Sorsaia has already responded to these document production requests, and any additional responses would be duplicative. Therefore, Sorsaia respectfully requests that a protective order be entered prohibiting Plaintiffs from obtaining the document production in items 5 and 6 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia.

**7.      Any investigations pertaining to any of the conditions set forth in Plaintiffs' Complaint.**

**13.     Any and all investigations by any Federal Division, Department or Agency from January 1, 2020 to present.**

Sorsaia has already responded to discovery requests that are identical or nearly identical to these document production requests:

16.     All internal communications (including but not limited to, letters, memos, notes, e-mail, text messages, faxes, etc.) from January 1, 2021 to the present between or among you or any employee, agent, or representative of the WVDOHS/WVDOCR referring or relating to any correctional facility investigation.

Response: Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022). Per the undersigned's proposed ESI

protocol, communications (internal and external) have been compiled from the following custodians: Mark Sorsaia, Robert Cunningham, William Marshall, Toby Allen, Jeremy Dolin, and Joshua Ward. The three superintendent custodians are the superintendents of SWRJ, MOCC, and DRK. This information has been compiled and is being reviewed for responsiveness and privilege. There are over 170,000 electronic communications to be reviewed and will require additional time.

20.     All internal communications (including but not limited to, letters, memos, notes, e-mail, text messages, faxes, etc.) from August 8, 2021 to the present between or among you or any employee, agent, or representative of the WVDOHS/WVDOCR referring or relating to any investigation into any West Virginia correctional facility performed by any State or Federal department, division, or agency.

Response: Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022). Per the undersigned's proposed ESI protocol, communications (internal and external) have been compiled from the following custodians: Mark Sorsaia, Robert Cunningham, William Marshall, Toby Allen, Jeremy Dolin, and Joshua Ward. The three superintendent custodians are the superintendents of SWRJ, MOCC, and DRK. This information has been compiled and is being reviewed for responsiveness and privilege. There are over 170,000 electronic communications to be reviewed and will require additional time.

(ECF Doc. 54-2). Thus, Sorsaia has already responded to these document production requests, and any additional responses would be duplicative. Therefore, Sorsaia respectfully requests that a protective order be entered prohibiting Plaintiffs from obtaining the document production in items 7 and 13 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia.

    **8.**    **Documents pertaining to overcrowding in West Virginia's correctional facilities from January 1, 2020 to present.**

    **9.**    **Documents pertaining to understaffing in West Virginia's correctional facilities from January 1, 2020 to present.**

    **10.**    **Documents pertaining to overdue maintenance in West Virginia's correctional facilities from January 1, 2020 to present.**

Plaintiffs did not request documents pertaining to these issues in discovery; however, Plaintiffs did serve interrogatories regarding these issues, to which Sorsaia has provided responses and supplemental responses. *See* Sorsaia's Supp. Resps., attached hereto as **Exhibit D**; *see also* ECF Doc. 54-2. Sorsaia produced population statistics as well as annual reports with the number of incarcerated individuals and the design capacity of all facilities. (ECF Doc. 54-2; p. 11). Sorsaia also provided detailed charts of all deferred maintenance and all staffing vacancies. **Ex. D**, pp. 3-6. Additionally, Sorsaia has proposed a separate ESI search for the terms "overcrowding," "understaffing," and "deferred maintenance" for Marshall in an effort to cooperate. Plaintiffs have not yet accepted or denied this proposal. Thus, Sorsaia has already responded to these document production requests by providing the specific information requested, and any additional response, other than Sorsaia's proposed ESI search, would be duplicative. Therefore, Sorsaia respectfully requests that a protective order be entered prohibiting Plaintiffs from obtaining the document production in items 8, 9, and 10 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia.

> **11.    Any and all documentation regarding state and federal funding for West Virginia correctional facilities from January 1, 2020 to present.**
>
> **14.    The request, receipt, or use of any state or federal funding from January 1, 2020 to present.**

Sorsaia has already responded to discovery requests that are identical or nearly identical to these document production requests:

> 15.    All internal communications (including but not limited to, letters, memos, notes, e-mail, text messages, faxes, etc.) from January 1, 2021 to the present between or among you or any employee, agent, or representative of the WVDOHS/WVDOCR referring or relating to the receipt of Federal Funds, including but not limited to, CARES Act funding (or other federal funding) requested by, requested for, or allocated to the WVDOCR.

Response:  Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022). This request seeks information that is not relevant to any party's claim or defense nor is it proportional to the needs of the case and therefore, is beyond Rule 26 of the Federal Rules of Civil Procedure. Specifically, this case alleges certain conditions of confinement at MOCC, SWRJ, and DRK, namely, food quality/quantity, water temperature, mold, recreation time, law library access, periodic overcrowded cells, rodent feces, and access to hygiene products. There is no allegation related in any way to CARES Act funding.

25.    All documents and external communications (including but not limited to, letters, memos, notes, e-mail, text messages, faxes, etc.) from January 1, 2021 to the present between or among you or any employee, agent, or representative of the State or any State Agency (including, but not limited to, the WVDOCR and WVDOHS) and/or the Federal Government, referring or relating to CARES Act funding (or other federal funding) requested by, requested for, or allocated to the WVDOCR.

Response: Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022). This request seeks information that is not relevant to any party's claim or defense nor is it proportional to the needs of the case and therefore, is beyond Rule 26 of the Federal Rules of Civil Procedure. This request seeks information that is disproportionate to the issues in this case. Specifically, this case alleges certain conditions of confinement at MOCC, SWRJ, and DRK, namely, food quality/quantity, water temperature, mold, recreation time, law library access, periodic overcrowded cells, rodent feces, and access to hygiene products. There is no allegation related in any way to CARES Act funding.

(ECF Doc. 54-2). Thus, Sorsaia has already responded to these document production requests, and any additional responses would be duplicative. Therefore, Sorsaia respectfully requests that a protective order be entered prohibiting Plaintiffs from obtaining the document production in items 11 and 14 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia.

**12.     Any and all documentation regarding the budget for West Virginia correctional facilities from January 1, 2020 to present.**

Sorsaia has already responded to a discovery request that seeks documents responsive to

to this document production request:

> 52.     All Budget Documents, Requests, and Expenditure Schedules from January 1, 2021 to the present referring or relating to all West Virginia correctional facilities (See WVDOCR Policy Directive 105.08).
>
> Response: Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022). For the three subject facilities, budget information is being compiled and reviewed, and may be subject to the deliberative process privilege. See In re Camp Lejeune Water Litigation, No. 7:23-cv-897, 2023 WL 8791671 (EDNC Dec. 2023). Non-privileged responsive documents, if any, will be supplemented.

(ECF Doc. 54-2). Thus, Sorsaia has already responded to this document production request, and

any additional response would be duplicative. Therefore, Sorsaia respectfully requests that a

protective order be entered prohibiting Plaintiffs from obtaining the document production in item

12 of their document production request to the Amended Notices of Depositions of Marshall and

Sorsaia.

**15.     Any and all documentation regarding the contracts or request for proposal of medical vendors, such as PrimeCare Medical Inc., and Wexford Health Sources, Inc., for all West Virginia correctional facilities from January 1, 2020 to present.**

**16.     Any and all documentation regarding any criticisms of dissatisfaction with medical providers at West Virginia correctional facilities, or problems with the provision of healthcare to inmates at West Virginia's correctional facilities from January 1, 2020 to present.**

**17.     Any and all requests for change orders or alterations to contracts with the State of West Virginia by PrimeCare Medical Inc. and/or Wexford Health Sources, Inc.**

Sorsaia has already responded to discovery requests that are identical or nearly identical to these document production requests:

41.     All contracts or agreements in effect from January 1, 2018 to the present between the WVDOHS and/or the WVDOCR and PrimeCare and any other contractor providing services for inmates.

Response: Defendant Sorsaia objects to this Request on the ground that it is overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case, as it seeks all contracts or agreements between the WVDCR and Prime Care and any other contractor providing services to inmates, which far exceeds the scope of issues presented in this case. Specifically, this Request seeks "and any other contractor providing services for inmates," regardless of whether the contracts or agreements are relevant to the claims or defenses of the parties in this action. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022), ("[t]he question is no longer whether the discovery sought is 'reasonably calculated to lead to the discovery of admissible evidence;' rather, the inquiry is whether the discovery is 'relevant to any party's claim or defense and proportional to the needs of the case.'") (internal citation omitted). The only conditions relevant to this matter are those related to Plaintiffs' claims of certain conditions of confinement at MOCC, SWRJ, and DRK, namely, food quality/quantity, water temperature, mold, recreation time, law library access, periodic overcrowded cells, rodent feces, and access to hygiene products.
However, subject to and without waiving said objections, in a good faith effort to respond, please see WVDCR's Agency Master Agreement with Prime Care Medical, attached hereto as Bates Nos. SORSAIA 008376-009304.

43.     All external communications (including but not limited to, letters, memos, notes, e-mail, text messages, faxes, etc.) from January 1, 2021 to the present between or among you or any employee, agent, or representative of the WVDOHS/WVDOCR and any employee, agent, or representative of the State or any State Agency (including, but not limited to, the WVDOCR) referring or relating to Wexford and it bidding on the contract for medical services at WV jails and prisons.

Response: Objection, the scope of the request referring or relating to all West Virginia correctional facilities is overly broad and not reasonably proportional to the allegations contained in the Complaint which specify certain alleged conditions of confinement complained of by the named Plaintiffs at three specific facilities. See Doe v. Cabell Cty. Bd. of Educ., No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022). This request seeks information that is not relevant to any party's claim or defense nor is it proportional to the needs of the case and therefore, is beyond Rule 26 of the Federal Rules of Civil Procedure. Furthermore, it is overbroad and unduly burdensome because it is not limited in

time nor scope. For the same reason, this request seeks information that is disproportionate to the issues in this case. Specifically, this case alleges certain conditions of confinement at MOCC, SWRJ, and DRK, namely, food quality/quantity, water temperature, mold, recreation time, law library access, periodic overcrowded cells, rodent feces, and access to hygiene products. There is no allegation related in any way to medical contracts for services in WVDCR facilities.

(ECF Doc. 54-2). Thus, Sorsaia has already responded to these document production requests, and any additional responses would be duplicative. Additionally, none of the named Plaintiffs makes any allegation regarding inadequate medical care or criticizes in any way the medical care provided to them. Thus, these document production requests are entirely irrelevant to Plaintiffs' claims, which are related to overcrowding, understaffing, and deferred maintenance. Therefore, Sorsaia respectfully requests that a protective order be entered prohibiting Plaintiffs from obtaining the document production in items 15, 16, and 17 of their document production request to the Amended Notices of Depositions of Marshall and Sorsaia.

## **CONCLUSION**

Defendant Sorsaia does not object to Plaintiffs taking his or Marshall's deposition. Instead, Sorsaia objects to the overly broad, duplicative, cumulative, disproportional, and oppressive document production request included in the Amended Notices of Deposition. Requiring Marshall, as a non-party, to comply with Plaintiffs' document request would be unnecessarily duplicative of many of the efforts undertaken by Sorsaia, which include review of ESI within Marshall's custody. Additionally, requiring Sorsaia to comply with Plaintiffs' document request would require Sorsaia to reproduce documents already produced in discovery and to produce documents already included within the ongoing ESI search. Therefore, a protective order prohibiting and/or limiting Plaintiffs' document production request as requested by this Defendant herein is appropriate pursuant to Rule 26(c).

**WHEREFORE**, Defendant Mark Sorsaia requests that his Motion for Protective Order be granted and that this Honorable Court enter an Order prohibiting and/or limiting Plaintiffs' document production request attached to the Amended Notices of Deposition as requested by this Defendant. This Defendant requests all other and further relief this Honorable Court deems just and proper.

**MARK SORSAIA,**
**By Counsel,**

*/s/ Caleb B. David*
Natalie C. Schaefer, Esquire (WVSB #9103)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
Shannon M. Rogers, Esquire (WVSC #13920)
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
nschaefer@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**THOMAS SHEPPHEARD,
TYLER RANDALL, and
ADAM PERRY, next friend and guardian of
Minor child J.P., on their own behalf
and on behalf of all others
similarly situated,**

      **Plaintiffs,**

**v.**                                      **Civil Action No. 5:23-cv-00530
Judge Irene C. Berger**

**JAMES C. JUSTICE JR., his official capacity
as Governor of the State of West Virginia, and
MARK SORSAIA, in his official capacity
as the Cabinet Secretary of the West Virginia
Department of Homeland Security,**

      **Defendants.**

**CERTIFICATE OF SERVICE**

The undersigned, counsel for Defendant Mark Sorsaia, do hereby certify that on the 17th day of May, 2024, a true and exact copy of **"MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARK SORSAIA'S MOTION FOR PROTECTIVE ORDER REGARDING AMENDED NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM OF WILLIAM K. MARSHALL AND AMENDED NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM OF MARK SORSAIA"** was filed via CM/ECF system which will send notification to the following:

Stephen P. New
Emilee B. Wooldridge
Stephen New & Associates
***Counsel for Plaintiffs***
430 Harper Park Drive
Beckley, WV 25801
steve@newlawoffice.com

Timothy Lupardus
The Lupardus Law Office
***Counsel for Plaintiffs***
275 Bearhole Road
Pineville, WV 24874

office@luparduslaw.com

Zachary Whitten
The Whitten Law Office
***Counsel for Plaintiffs***
P.O. Box 753
Pineville, WV 24874
zwhittenlaw@gmail.com

Robert Dunlap
Robert Dunlap & Associates
***Counsel for Plaintiffs***
208 Main Street
Beckley, WV 25801
rdunlapesq@gmail.com

Michael B. Hissam (WVSB #11526)
J. Zak Ritchie (WVSB #11705)
Maureen F. Gleason (WVSB #14452)
HISSAM FORMAN DONOVAN RITCHIE PLLC
***Counsel for Defendant Justice***
P.O. Box 3983
Charleston, WV 25339
mhissam@hfdrlaw.com
zritchie@hfdrlaw.com
mgleason@hfdrlaw.com

/s/ *Caleb B. David*
Natalie C. Schaefer, Esquire (WVSB #9103)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
Shannon M. Rogers, Esquire (WVSC #13920)
***Counsel for Mark Sorsaia***
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
nschaefer@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com