**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**THOMAS SHEPPHEARD,**
**TYLER RANDALL, and**
**ADAM PERRY, next friend and guardian**
**of Minor child J.P., on their own behalf**
**and on behalf of all others**
**similarly situated,**

       **Plaintiffs,**

**v.**                                              **Civil Action No. 5:23-cv-00530**
                                                    **Judge Irene C. Berger**

**JAMES C. JUSTICE JR., his official capacity**
**as Governor of the State of West Virginia, and**
**MARK SORSAIA, in his official capacity**
**as the Cabinet Secretary of the West Virginia**
**Department of Homeland Security,**

       **Defendants.**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SORSAIA'S REPORT**
**REGARDING STATUS OF EFFORTS TO CONFER ON PENDING DISCOVERY**
**MOTIONS**

COME NOW Plaintiffs, by and through undersigned counsel, and for their *Response in Opposition to Defendant Sorsaia's Report Regarding Status of Efforts to Confer on Pending Discovery Motions* state as follows:

**ITEMS TO BE DETERMINED BY THE COURT**

1. First, as to the agreed upon items or otherwise resolved by the Parties, Plaintiffs' wish to note that the new scope of discovery agreed upon by Parties regarding the nine facilities apply to ***all*** interrogatories and requests for production of documents where applicable. For example, Defendant does not mention Interrogatory No. 10, which will need to be supplemented by Defendant for the additional six facilities designated by Plaintiffs.

2. Defendant Sorsaia fails to disclose to this Court the discussions resulting from a phone conference held on June 11, 2024, wherein Parties discussed Defendant Sorsaia's draft of a joint stipulation which misconstrued some of Plaintiffs' Requests and concerns in narrowing discovery. Following this conversation, Plaintiffs' counsel drafted a proposed Joint Stipulation in light of the June 11, 2024 phone conference, which corrected some of Defendants' language in their draft and added language Plaintiffs' proposed on the phone conference.

3. No additions were made to Plaintiffs' version of the Joint Stipulation that was not discussed in detail during the phone conference. In fact, Plaintiffs drafted the Joint Stipulation directly from notes resulting from the June 11, 2024 phone conversation.

4. As for Requests for Production No. 13-40 and 43, Plaintiffs have maintained the agreement on search protocols for discovery with the addition of custodians Rob Cunningham, Paul Simmons, Brad Douglas, and Betty Slack, which were discussed on the June 11, 2024 phone conference with all counsel. The addition of these four custodians is neither burdensome nor surprising nor prejudicial.

5. Parties also discussed on June 11, 2024, that Plaintiffs wish to *reserve the right* to revisit the narrowed search protocol at a later date, as Plaintiffs did not want this limitation on a search protocol to be a permanent limitation throughout the entirety of discovery. Plaintiffs merely request to reserve the right to revisit this search protocol at a later date if it appears that it warranted. Plaintiffs do not know what discovery might yield and refuse to be boxed in by Defendants and their counsel.

6. Plaintiffs have not altered the agreement between Parties—rather Plaintiffs have discussed with Defendants' counsel the additions after reading Defendant Sorsaia's version of the

Joint Stipulation, which misconstrued Plaintiffs' requests and limited responsive documents based on examples of responsive documents Plaintiffs identified. As Plaintiffs stated during all phone conversations with Defendant, Plaintiffs do not know what documents exist of their clients that are responsive, but Plaintiffs did identify certain documents they are aware of that would be responsive and identified these documents by way of example and not limitation. Defendants seem intent on using a modified ESI search to limit ALL discovery in this case. This is improper.

7. Additionally, Parties have agreed to a new scope of discovery focusing on five "big topics" that result from conditions of confinement alleged by Plaintiffs. Because of this focused scope of discovery, Plaintiffs request that the scope applies to ALL discovery not merely just ESI.

8. Likewise, while the search protocol has been narrowed in attempt to resolve concerns in searching for ESI, Plaintiffs maintain the position that the search protocol would apply to all discovery (including any document requests) and not just ESI, such as email searches and corporate representative depositions. Any responsive documents following a search under these search protocols should be supplemented in discovery. For example, if an ESI search leads to responsive documents that are attached to emails and are responsive, Plaintiffs ask they be produced.

9.  Request for Production No. 14 and 31, regarding internal/external communications about inmate deaths is not withdrawn by Plaintiffs. Rather, Plaintiffs have identified inmate deaths as one of the five "big topic" areas to narrow discovery and identified critical investigation reports and/or investigation/incident reports to counsel for Defendant as an example of a responsive document. Plaintiffs have agreed to accept CID

reports/incident/investigation reports as responsive documents, but did not limit responsive documents to ONLY "CID reports." Plaintiffs asked for investigation/incident reports, *such as* CID reports. This is due to the fact that different facilities may name their investigation reports differently and Plaintiffs do not want to be limited to responsive documents because they were not titled the exact way they are labeled by each facility. Currently, Parties disagree on the manner of which these reports should be produced and this will need the Court's ruling.

10. More importantly, despite Plaintiffs' narrowing the scope of discovery to five "big topics" per Judge Eifert's suggestion and including "inmate deaths" as one of the big topics as a result of the alleged unconstitutional conditions of confinement, Defendant Sorsaia still refuses to acknowledge the relevance of inmate deaths and continues to state that it is outside the scope of Rule 26. Parties discussed this on May 31, 2024 before the Honorable Judge Eifert and have attempted to limit the scope of discovery and focus efforts on responsive documents, such as CID or incident/investigation reports, yet Defendant still refuses to comply. This is an issue that will need ruled on by the Court.

11. Request for Production No. 15 and 25 relate to CARES Act funding, which are not withdrawn with respect to the ESI request. The topic of CARES Act funding itself is an issue before this Court to be ruled on and subject to separate briefing in Defendant Governor Justice's Motion for Protective Order, that has not yet been fully briefed by the Parties. Plaintiffs' do not withdraw their requests related to ESI on CARES Act but rather will address this issue once the Court rules on the CARES Act related discovery issue.

12. Request No. 47 requesting all criminal investigation reports falls into Plaintiffs' requested "big topics" of results from the unconstitutional conditions of confinement alleged in

Plaintiffs' Complaint. Additionally, Request for Production No. 76 requests all "critical incidents involving death records." Defendant objects to inmate deaths, beatings/assaults/ and overdoses as being "too broad" despite the Court's suggestion to narrow the conditions based on *results* of the unconstitutional conditions, and inmate deaths were specifically discussed during the May 31, 2024 hearing. Judge Eifert specifically stated that Plaintiffs needed to narrow things down and that we have to be able to "show some result from the overcrowding, understaffed, and delayed maintenance. That's -- he's going to be obligated to show that in order to stay the case. So, he's going to have to be able to collect some information about that." (Hearing Transcript, pg. 26). Further, Judge specifically used the examples of deaths ("something that happens when you don't get medical care, and you don't get your food" pg. 28). Plaintiffs believe these topics are all results of the conditions that we have alleged—overcrowding, understaffing, overdue/deferred maintenance. This is Plaintiffs' attempt to narrow the many conditions previously identified in order to focus discovery efforts in this case. Special Operations investigations are not the only internal investigations undertaken by WVDCR and WVDHS, and Plaintiffs refuse to be boxed in by Defendant's counsel in such a manner.

13. As for the "big topics" of food and inadequate/delayed medical care, which Plaintiffs believe to be results of the unconstitutional conditions of confinement alleged, Plaintiffs gave Defendants examples of what would be responsive documents that Plaintiffs seek; however, Plaintiffs never "walked back" their discussion. In Plaintiffs' memorandum which Defendant cites to, Plaintiffs specifically state, "As for the areas of "food" and "inadequate/delayed medical care," Plaintiffs identified certain documents that would be responsive, ***including but not limited to***, any reports from the State's medical and food

vendors that were given to WVDCR. ***For example***, any reports given to state from PrimeCare, Wexford, Aramark, or any other related vendor. ***For example***, PrimeCare had CQIs and statistical summary reports and overdue task lists that would be responsive. From Aramark, reports regarding the provision of food would be responsive." Defendant drafted his version of the Joint Stipulation limiting responsive documents to ONLY those identified, which Plaintiffs corrected in their version by adding the language "by way of example and not limitation."

14. Finally, Plaintiffs' position is that other outstanding issues are not waived as all requests are subject to a new scope of discovery, including expanding the scope to nine facilities, and five "big topic" areas. Additionally, a new search protocol has been developed by Parties and any responsive document should be supplemented by Defendant as he has a duty to supplement discovery. Plaintiffs are not waiving any discovery issue as certain requests have not been supplemented and are subjected to new scope and search protocols to date.

   **WHEREFORE**, Plaintiffs request that this Honorable Court GRANT Plaintiffs' Motion to Compel with respect to the discovery issues before this Court, and for such other and further relief as the Court deem proper.

**PLAINTIFFS,**

**By Counsel**

*/s/ Stephen P. New*
Stephen P. New (WVSB No. 7756)
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
Ph: (304) 250-6017
Fax: (304) 250-6012
steve@newtaylorlaw.com

Timothy Lupardus (WVSB No. 6252)
The Lupardus Law Office
275 Bearhole Road
Pineville, West Virginia 24874
(304) 732-0250
office@luparduslaw.com

Zachary Whitten (WVSB No. 13709)
The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
zwhittenlaw@gmail.com

Robert Dunlap (WVSB No. 10012)
Robert Dunlap & Associates
208 Main Street
Beckley, West Virginia 25801
(304) 255-4762
robertdunlapesq@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | |
|---|---|
| **THOMAS SHEPPHEARD,** **)** | |
| **TYLER RANDALL, and** **)** | |
| **ADAM PERRY, next friend** **)** | |
| **and guardian of Minor child J.P.,** **)** | |
| **on their own behalf and on behalf** **)** | |
| **of all others similarly situated,** **)** | |
| **)** | |
| **Plaintiffs,** **)** | |
| **)** | |
| **v.** **)** | **Civil Action No. 5:23-cv-00530** |
| **)** | **(Judge Berger)** |
| **JAMES C. JUSTICE JR.,** **)** | |
| **in his official capacity as Governor of** **)** | |
| **the State of West Virginia, and** **)** | |
| **MARK SORSAIA, in his official** **)** | |
| **capacity as the Cabinet Secretary** **)** | |
| **of the West Virginia Department** **)** | |
| **of Homeland Security,** **)** | |
| **)** | |
| **Defendants.** **)** | |
| _____ **)** | |

## CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiffs does hereby certify that the foregoing *Plaintiffs' Response in Opposition to Defendant Sorsaia's Report Regarding Status of Efforts to Confer on Pending Discovery Motions* was filed with the clerk on June 19, 2024 via the Court's CM-ECF Filing System which will provide electronic notification to all counsel of record.

/s/ Stephen P. New
Stephen P. New (WVSB No. 7756)