IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

THOMAS SHEPPHEARD, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO.   5:23-cv-00530

JAMES C. JUSTICE, JR., et al.,

        Defendants.

**FIRST AMENDED SCHEDULING ORDER**

The Court has reviewed the *Plaintiffs' Motion to Modify Scheduling Order* (Document 126) filed in this matter. Therein, the Plaintiff moves for a 240-day extension of discovery and all remaining deadlines. The motion is unopposed. For good cause shown, the Court **ORDERS** that the motion (Document 126) is **GRANTED** and that the *Scheduling Order* (Document 29) previously entered on December 7, 2023, is **AMENDED** as follows:

    1.    **Discovery and Depositions**:  The parties shall complete all discovery requests by **February 7, 2025**. All discovery, including disclosures required by Fed. R. Civ. P. 26(a)(2), but not disclosures required by Fed. R. Civ. P. 26(a)(3), shall be completed by **March 7, 2025**. The last date to complete depositions shall be **April 4, 2025**. Pursuant to L.R. Civ. P. 26.1(c), the Court adopts and approves the agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions). **(PLEASE NOTE THAT DISCLOSURES AFTER ESTABLISHED DEADLINES TO WHICH AN OBJECTION IS**

1

**MADE <u>WILL</u> BE EXCLUDED FROM EVIDENCE <u>UNLESS</u> OPPOSING COUNSEL AGREED TO THE UNTIMELY DISCLOSURE OR THE COURT GRANTED AN EXTENSION OF THE DEADLINE.)**

2. **Summary Judgment and Other Dispositive Motions**: All dispositive motions, except those under Rule 12(b), together with depositions, admissions, documents, affidavits, or other such matter in support thereof, shall be filed and served by **May 2, 2025**. Any responses shall be filed and served within fourteen (14) days from the date of service of the motion, and any replies shall be filed and served within seven (7) days from the date of service of the response. Any motion must be supported by a memorandum of law at the time filed or submitted. The parties are directed to submit complete versions, rather than excerpts, of all exhibits and shall include citations to those portions relied upon in briefing. If any motion, memorandum in support, response, or reply, inclusive of all attachments, exceeds fifty (50) pages in length, a hard copy of such materials shall be submitted to the presiding District Judge at the time of filing. **(PLEASE NOTE THAT ANY RESPONSE OR OTHER DOCUMENTS FILED AFTER THE DEADLINE FOR FILING, WITHOUT LEAVE OF COURT, WILL <u>NOT</u> BE CONSIDERED.)**

3. **Settlement Meeting**: The parties and their lead trial counsel shall meet and conduct negotiations looking toward the settlement of the action, and counsel shall be prepared at the Pretrial Conference to certify that they have done so. Counsel for the Plaintiff shall take the initiative in scheduling the settlement meeting, and all other counsel shall cooperate to effect such negotiations. The Settlement Meeting may be held as early as desired, but must be held **at least forty-five (45) days prior** to the Pretrial Conference.

4.     **Mediation**:   Mediation is mandatory, and is ordered pursuant to, and shall be held in compliance with, the provisions of L.R. Civ. P. 16.6.   The parties shall select the mediator in compliance with L.R. Civ. P. 16.6.2.   Counsel for the Plaintiff shall take the initiative in scheduling the mediation, and all other counsel shall cooperate to effect the same.   The mediation scheduled by the parties must be concluded **at least thirty (30) days prior** to the Pretrial Conference.   Within **five (5) days of the completion of mediation**, the parties shall file a written status report with the Court confirming that mediation was held and advising as to whether the matter was settled.

5.     **Rule 26(a)(3) Disclosures**:    If the case is not settled at the Settlement Meeting, at Mediation, or otherwise, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures **at least thirty (30) days prior** to the Pretrial Conference.

6.     **Motions in Limine**:   All motions in limine shall be filed and served by **August 15, 2025**, with responses due by **August 22, 2025**.   Replies shall not be filed, and will not be considered, without leave of the Court.   **(PLEASE NOTE THAT ANY MOTION, RESPONSE OR OTHER DOCUMENTS FILED AFTER THE DEADLINE FOR FILING, WITHOUT LEAVE OF COURT, WILL NOT BE CONSIDERED.)**

7.     **Proposed Findings of Fact and Conclusions of Law**:   No later than **January 5, 2026**, proposed findings of fact and conclusions of law on substantive theories of recovery or defense and damages (which shall be numbered) shall be exchanged by counsel, filed with the Clerk of the Court, and e-mailed to the presiding District Judge.   **The submissions shall include**

**the parties' respective witness list.**  The documents shall be e-mailed to chambers, in Word compatible format, to an address which can be obtained from chambers.

       8.    **Proposed Integrated Pretrial Order**:  The Plaintiff's portion of the proposed integrated pretrial order shall be submitted to opposing counsel by **January 2, 2026**, who shall then prepare and complete the opposing portion thereof and submit the proposed integrated pretrial order, signed by all counsel, to the Court for entry no later than **January 9, 2026**.  The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in L.R. Civ. P. 16.7(b).

       9.    **Pretrial Conference/Final Settlement Conference**:  A combined Pretrial Conference/Final Settlement Conference, attended by <u>all</u> parties <u>and</u> by lead trial counsel, shall be held on **January 22, 2026, at 9:00 a.m.**, in **CHARLESTON**, West Virginia.  Lead trial counsel shall be fully prepared to discuss all aspects of the case, and individuals with full authority to settle the case for each party shall be present in person.  All parties must attend this conference unless otherwise excused by the Court.

      10.    **Bench Trial**:  Trial of this action shall be held on **February 2, 2026, at 9:00 a.m.**, in **CHARLESTON**, West Virginia, before the undersigned.

      11.    **Stipulations**:  All stipulations regarding extensions of time to file pleadings and any other stipulations which might affect deadlines contained in this order are subject to Court approval.

      12.    **Failure to Appear or Negotiate**:  Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required in the "Settlement Meeting" or "Mediation" paragraphs above, or should a party or his

authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required in the "Settlement Meeting" or "Mediation" paragraphs above, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to Fed. R. Civ. P. 16(f).

All proceedings shall be held by the Court at the Robert C. Byrd United States Courthouse, **300 Virginia Street, East, Charleston**, West Virginia, in District Courtroom A – Room 5000.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 24, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

5