IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS SHEPPHEARD,
TYLER RANDALL, and
ADAM PERRY, next friend and guardian of
Minor child J.P., on their own behalf
and on behalf of all others
similarly situated,

       Plaintiffs,

v.

                                       Civil Action No. 5:23-cv-00530
                                       Judge Irene C. Berger

JAMES C. JUSTICE JR., his official capacity
as Governor of the State of West Virginia, and
MARK SORSAIA, in his official capacity
as the Cabinet Secretary of the West Virginia
Department of Homeland Security,

       Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARK SORSAIA'S
MOTION FOR ATTORNEY'S FEES AND COSTS**

     **NOW COMES** Defendant Mark Sorsaia, in his official capacity as the Cabinet Secretary

of the West Virginia Department of Homeland Security, by counsel, Natalie C. Schaefer, Caleb B.

David, Kimberly M. Bandy, Shannon M. Rogers, and Shuman McCuskey Slicer PLLC, and,

pursuant to Rule 54(d)(2) moves this Court for attorney's fees and costs pursuant to 42 U.S.C. §

1988. In support of this Motion, Defendant Sorsaia states as follows:

**INTRODUCTION AND BACKGROUND**

     West Virginia taxpayers should not bear the burden of defending frivolous lawsuits.

Plaintiffs filed suit seeking to spur *legislative* action on the part of the Cabinet Secretary of the

Department of Homeland Security. Specifically, Plaintiffs sought the proposal of an appropriations

bill for approximately $330 million to the West Virginia Division of Corrections and

1

Rehabilitation. Secretary Sorsaia moved for dismissal of Plaintiffs' Complaint on the grounds, *inter alia*, that Plaintiffs lacked standing because Secretary Sorsaia "has neither the ability to propose budgets or appropriations nor the ability to pass them into law." Sorsaia Mem. of Law, p. 6 (ECF Doc. 13). This simple truth was evident from the plain language of the West Virginia Constitution, W. Va. Const. Art. VI, § 51, as well as from caselaw from the Supreme Court of Appeals of West Virginia. *See Gribben v. Kirk*, 197 W. Va. 20, 24-25, 475 S.E.2d 20, 24-25 (1996) ("[T]he power to appropriate money from the treasury of this State is vested in the legislature subject to specific requirements for executive action by the Governor pursuant to W. Va. Const. art. VI, § 51."). Because Secretary Sorsaia has no authority to propose budgets or appropriations nor the ability to pass them into law, it was clear from the filing of Secretary Sorsaia's Motion to Dismiss that Plaintiffs lacked standing.

Still, Plaintiffs proceeded with their baseless Complaint, serving onerous discovery upon Secretary Sorsaia, requiring over 1,500 hours of legal work. West Virginia taxpayers incurred hundreds of thousands of dollars of legal fees and expenses to defend against a lawsuit that lacked the most basic element of standing—that is, suing a party that can redress the alleged harm. Secretary Sorsaia prevailed. This Court dismissed Plaintiffs' Complaint, finding that, "[i]nasmuch as the Plaintiffs' claim for unconstitutional conditions of confinement is traceable to actual or perceived legislative inaction, they cannot satisfy [the traceability] element of standing as to Secretary Sorsaia[,]" and that, "even if the Plaintiffs could trace their alleged injuries to Secretary Sorsaia's conduct, it is 'merely speculative' that such injuries would be redressed by a favorable decision against him." Mem. Op. & Order, p. 10 (ECF Doc. 135). Therefore, this Court should award him reasonable attorney fees and expenses incurred in defending against Plaintiffs' frivolous suit.

**ARGUMENT**

Congress specifically allows the award of "a reasonable attorney's fee" to "the prevailing party" in various kinds of civil rights cases, including suits, like the instant suit, brought under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988. Just as one of the purposes of § 1988 is to ensure that a prevailing plaintiff is compensated for "vindicating a policy that Congress considered of the highest priority," *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402 (1968), it is also designed to ensure that plaintiffs and their counsel are properly incentivized *not* to bring cases that are groundless. The Supreme Court of the United States has thus reiterated that "[i]n enacting § 1988, ... Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis." *Fox v. Vice,* 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 420 (1978)). "Accordingly, § 1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, *or* without foundation.'" *Id.* at 833 (quoting *Christiansburg,* 434 U.S. at 421) (emphasis added). Here, Secretary Sorsaia can readily show that Plaintiffs' action was "frivolous, unreasonable, *or* without foundation." Secretary Sorsaia is therefore entitled to his reasonable attorney fees and costs.

I.    **Secretary Sorsaia is entitled to reimbursement of his attorney fees and costs incurred in defending against this action because Plaintiffs' Complaint was frivolous, unreasonable, and groundless on its face.**

Plaintiffs were aware at the time they filed their Complaint that Secretary Sorsaia was an improper party. Indeed, the only allegation in the Complaint that specifically relates to Secretary Sorsaia is that, "[a]s Cabinet Secretary of the WVDHS, Cabinet Secretary Sorsaia is charged with providing support, oversight, and guidance to the West Virginia Division of Corrections and Rehabilitation." Compl. ¶16. Plaintiffs never alleged that Secretary Sorsaia had the ability to

appropriate funds or to pass legislation. Nor could they. Unambiguous language in the West Virginia Constitution and clear legal precedent provides the Legislature with the power of the purse. "[T]he power to appropriate money from the treasury of this State is vested in the legislature subject to specific requirements for executive action by the Governor pursuant to W. Va. Const. art. VI, § 51." *Gribben v. Kirk*, 197 W. Va. 20, 24-25, 475 S.E.2d 20, 24-25 (1996). Plaintiffs were aware of this. They *cited* the provisions of the West Virginia Constitution empowering the Legislature to appropriate funds. Compl. ¶¶ 12-13. Still, Plaintiffs proceeded against Secretary Sorsaia.

Moreover, it has been a "long-standing rule" in our jurisprudence "that a plaintiff may not sue a state official who is without any power to enforce the complained-of statute." *Disability Rights* S.C. *v. McMaster,* 24 F.4th 893, 901 (4th Cir. 2022) (quoting *Okpalobi v. Foster,* 244 F.3d 405, 426 (5th Cir. 2001)). Plaintiffs never cited to any authority held by Secretary Sorsaia to carry out the additional injunctive relief requested. It is the Commissioner of the Division of Corrections and Rehabilitation, and not the Cabinet Secretary, who is given the authority to "exercise general supervision over the administration of the institutions under the jurisdiction of the division[,]" "[e]stablish rules, policies, and regulations in writing governing all subdivisions and institutions within the division[,]" and "[s]upervise the treatment, custody, and discipline of all inmates and residents and the maintenance of the institutions and their industries[.]" W. Va. Code § 15A-3-4(a)(1), (3), and (8); § 15A-3-12(a) (listing facilities). Plaintiffs were aware of this. They *cited* these statutes granting authority to the Commissioner. Compl. ¶¶ 18-19. Still, they proceeded against Secretary Sorsaia.

Furthermore, "a general 'supervisory' role does not permit an individual to sue an officer under *Ex Parte Young.*" *Doyle v. Hogan*, 1 F.4th 249, 256 (4th Cir. 2021) (additional citations

omitted). Federal courts in West Virginia have repeatedly dismissed claims against the Governor of West Virginia and other state constitutional officers, rejecting arguments that rest on the general law enforcement, control, and supervisory authority granted to the state officials under state law. *See, e.g., Sonda v. Justice*, No. 5:22-CV-124, 2022 WL 16707251, at *4 (N.D.W. Va. Sept. 7, 2022); *Penkoski v. Justice*, No. 1:18-CV-10, 2018 WL 6597322, at *5 (N.D.W. Va. Aug. 3, 2018), *report and recommendation adopted*, No. 1:18-CV-10, 2018 WL 5862582 (N.D.W. Va. Nov. 9, 2018); *Young v. Morrisey*, No. 2:20-CV-00666, 2020 WL 10324196, at *3 (S.D.W. Va. Nov. 3, 2020), *report and recommendation adopted*, No. 2:20-CV-00666, 2021 WL 2433798 (S.D.W. Va. June 15, 2021). Still, Plaintiffs proceeded against Secretary Sorsaia.

And Plaintiffs did not simply file a frivolous, unreasonable, and groundless suit. Plaintiffs forced Secretary Sorsaia to engage in onerous, unduly burdensome discovery. Plaintiffs served 131 requests for admission. Secretary Sorsaia answered each request, but Plaintiffs moved to deem them admitted. The Magistrate Judge found that each of the 131 requests for admission was improper. (ECF Doc. 130). Plaintiffs served dozens of requests for production of documents, including requests for overly broad ESI, which produced over 171,000 separate emails and documents requiring review by counsel for responsiveness and privilege. After months and hundreds of hours of ESI review, Plaintiffs unilaterally decided that they no longer needed such onerous discovery and proposed a more limited ESI protocol. (ECF Doc. 121). Plaintiffs then reneged on their proposal, adding an additional four custodians, requesting ESI for "conditions of confinement" not alleged in the Complaint, and "reserving their right" to modify the protocol. (ECF Doc. 121). Plaintiffs' discovery demands were unreasonable and not proportional to the needs of the case from the beginning. Plaintiffs' repeated changes of course, however, underscored

the baselessness of their claims and served only to harass Secretary Sorsaia and to force him to continually spend taxpayer resources defending against a frivolous suit.

Plaintiffs' Complaint hardly even attempted to establish standing to sue Secretary Sorsaia. The allegations in Plaintiffs' Complaint undeniably demonstrate Plaintiffs' understanding that Secretary Sorsaia was an improper party and could never be ordered to redress Plaintiffs' alleged harms. Still, Plaintiffs proceeded against Secretary Sorsaia and proceeded with harassing, onerous, overly broad, and unduly burdensome discovery, engaging in a fishing expedition at taxpayer expense. As the prevailing party, Secretary Sorsaia is entitled to reasonable attorney fees and expenses incurred in defending against Plaintiffs' frivolous, unreasonable, and groundless Complaint.

## II.    The attorney's fees and costs sought by Secretary Sorsaia are reasonable.

Secretary Sorsaia seeks $328,467.00 in attorney's fees incurred in defending against Plaintiffs' claims. Such fees were reasonably expended. Courts have been provided with factors to be considered in determining whether attorney's fees are reasonable:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorney's fees awards in similar cases.

*Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008). To determine the amount of a reasonable fee, courts are to consider "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### A.    Number of hours reasonably expended.

A party requesting fees is required to document the appropriate hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for Secretary Sorsaia spent 1,683.30 hours defending against the Plaintiffs' claims. This included filing a motion to dismiss that was ultimately successful. (Doc. Nos. 12, 135). Most significantly, counsel for Secretary Sorsaia expended significant time responding to Plaintiffs' broad and expansive discovery requests, including 12 Interrogatories, 79 Requests for Production of Documents, and 131 Requests for Admissions. (Doc. No. 54-2). The discovery included requests for production of electronically stored information, which search yielded over 171,000 electronic communications that required review for responsiveness and privilege. (*E.g.*, Doc. No. 54-2, p. 14). Due to the volume of search results, for a period of time, six separate attorneys were engaged in review of ESI on behalf of Secretary Sorsaia for the purpose of responding to Plaintiffs' requests. Plaintiffs also filed a motion to compel (Doc. No. 54) and a motion to deem requests for admissions admitted (Doc. No. 56). These discovery motions resulted in counsel for Secretary Sorsaia filing written responses to the motions (Doc. Nos. 72, 73), attending two separate discovery hearings (Doc. Nos. 93, 123), and spending numerous hours conferring with Plaintiffs' counsel in an effort to resolve outstanding discovery disputes. Secretary Sorsaia sought to avoid incurring these fees in connection with discovery by filing a motion, jointly with Governor Justice, to stay discovery pending a decision on his motion to dismiss. (Doc. 20). Plaintiffs opposed the motion, and it was denied. (Doc. Nos. 26, 27). The hours expended in defense of the claims were necessitated by Plaintiffs' strategy in pursuing expansive, time-consuming discovery, despite the absence of any basis for the claims being asserted against Secretary Sorsaia.

**B.    The requested hourly rate is reasonable.**

Fee awards "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Other relevant factors include "the customary fee for like work; the experience, reputation and ability of the attorneys; attorneys' fees awards in similar cases; and the amount in controversy and the results obtained." *Cobranchi v. City of Parkersburg*, No. 2:18-cv-01198, 2022 U.S. Dist. LEXIS 183373, at *8 (S.D.W. Va. Oct. 6, 2022) (quoting *Wolfe v. Green*, No. 2:08-0123, 2010 U.S. Dist. LEXIS 102623 (S.D.W. Va. Sept. 24, 2010)).

Counsel for Secretary Sorsaia seeks hourly fees of $225 for members/of counsel; $185 for associates; and $110 for paralegals. These fees were agreed by the client. Additionally, they are discounted well below the market rate for similar work. This Court has approved hourly rates well in excess of the requested rates for similar work. *See, e.g., Active Res., Inc. v. Hagewood*, 2022 U.S. Dist. LEXIS 189045, at *12 (S.D.W. Va. Oct. 17, 2022) (approving $495 for partners, $350 and $310 for associates).

## CONCLUSION

Counsel for Sorsaia spent almost a year and over 1,600 hours engaging in motions practice related to his dismissal but also Plaintiffs' discovery efforts, responding to discovery, including incredibly burdensome electronic discovery reviews, and conducting its own discovery. Plaintiff engaged in excessive and harassing discovery against Defendant Sorsaia which led to numerous motions and time spent defending Defendant Sorsaia. Ultimately, Defendant Sorsaia was successful in obtaining dismissal of Plaintiffs' claims in what amounted to a baseless suit, as this Court ruled that Plaintiffs lacked standing to bring their claims against Sorsaia. Therefore, Defendant Sorsaia appropriately seeks attorney's fees and costs resulting from having to defend against Plaintiffs' frivolous and baseless claims.

**WHEREFORE**, Defendant Mark Sorsaia requests that his Motion for Attorney's Fees and Costs be granted. This Defendant requests all other and further relief this Honorable Court deems just and proper.

**MARK SORSAIA,**
**By Counsel,**

*/s/ Caleb B. David*

Natalie C. Schaefer, Esquire (WVSB #9103)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
Shannon M. Rogers, Esquire (WVSC #13920)
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
nschaefer@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
srogers@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**THOMAS SHEPPHEARD,
TYLER RANDALL, and
ADAM PERRY, next friend and guardian of
Minor child J.P., on their own behalf
and on behalf of all others
similarly situated,**

      **Plaintiffs,**

**v.**                                     **Civil Action No. 5:23-cv-00530
Judge Irene C. Berger**

**JAMES C. JUSTICE JR., his official capacity
as Governor of the State of West Virginia, and
MARK SORSAIA, in his official capacity
as the Cabinet Secretary of the West Virginia
Department of Homeland Security,**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, counsel for Defendant Mark Sorsaia, do hereby certify that on the 16th day of July, 2024, a true and exact copy of **"MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARK SORSAIA'S MOTION FOR ATTORNEY'S FEES AND COSTS"** was filed via CM/ECF system which will send notification to the following:

Stephen P. New
Emilee B. Wooldridge
Stephen New & Associates
***Counsel for Plaintiffs***
430 Harper Park Drive
Beckley, WV 25801
steve@newlawoffice.com

Timothy Lupardus
The Lupardus Law Office
***Counsel for Plaintiffs***
275 Bearhole Road
Pineville, WV 24874
office@luparduslaw.com

Zachary Whitten

10

The Whitten Law Office
***Counsel for Plaintiffs***
P.O. Box 753
Pineville, WV 24874
[zwhittenlaw@gmail.com](mailto:zwhittenlaw@gmail.com)

Robert Dunlap
Robert Dunlap & Associates
***Counsel for Plaintiffs***
208 Main Street
Beckley, WV 25801
[rdunlapesq@gmail.com](mailto:rdunlapesq@gmail.com)

Michael B. Hissam (WVSB #11526)
J. Zak Ritchie (WVSB #11705)
Maureen F. Gleason (WVSB #14452)
HISSAM FORMAN DONOVAN RITCHIE PLLC
***Counsel for Defendant Justice***
P.O. Box 3983
Charleston, WV 25339
[mhissam@hfdrlaw.com](mailto:mhissam@hfdrlaw.com)
[zritchie@hfdrlaw.com](mailto:zritchie@hfdrlaw.com)
[mgleason@hfdrlaw.com](mailto:mgleason@hfdrlaw.com)

/s/ *Caleb B. David*
Natalie C. Schaefer, Esquire (WVSB #9103)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
Shannon M. Rogers, Esquire (WVSC #13920)
***Counsel for Mark Sorsaia***
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
[nschaefer@shumanlaw.com](mailto:nschaefer@shumanlaw.com)
[cdavid@shumanlaw.com](mailto:cdavid@shumanlaw.com)
[kbandy@shumanlaw.com](mailto:kbandy@shumanlaw.com)
[srogers@shumanlaw.com](mailto:srogers@shumanlaw.com)