IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

THOMAS SHEPPHEARD, et al.,

     Plaintiffs,

v.             CIVIL ACTION NO.  5:23-cv-00530

PATRICK J. MORRISEY, *in his official
capacity as Governor of the State of
West Virginia*, et al.,

     Defendants.


**MEMORANDUM OPINION AND ORDER**


The Court has reviewed *The Governor's Motion for Attorney's Fees and Costs* (Document 138), the *Memorandum Supporting the Governor's Motion for Attorney's Fees and Costs* (Document 139), *Defendant Mark Sorsaia's Motion for Attorney's Fees and Costs* (Document 141), the *Memorandum of Law in Support of Defendant Mark Sorsaia's Motion for Attorney's Fees and Costs* (Document 142), the *Plaintiffs' Combined Response in Opposition to the Governor's Motion for Attorney Fees and Costs and Defendant Mark Sorsaia's Motion for Attorney Fees and Costs* (Document 145), the *Reply in Support of the Governor's Motion for Attorney's Fees and Costs* (Document 146), *Defendant Mark Sorsaia's Joinder in Reply in Support of the Governor's Motion for Attorney's Fees and Costs* (Document 147), *Defendants' Joint Supplemental Motion for Attorneys' Fees and Costs* (Document 153), the *Memorandum in Support of Defendants' Joint Supplemental Motion for Attorneys' Fees and Costs* (Document 154), and the *Combined Response in Opposition to Joint Supplemental Motion (ECF 153) and Memorandum in*

*Support of Defendant's Joint Supplemental Motion for Attorney Fees and Costs (ECF 154)* (Document 156)*,* as well as all attached exhibits.

## FACTUAL AND PROCEDURAL HISTORY

The Plaintiffs, Thomas Sheppheard, Tyler Randall, and Adam Perry, next friend and guardian of minor plaintiff J.P., initiated this action with a *Class Action Complaint for Declaratory and Injunctive Relief* (Document 9) filed on August 8, 2023. They named James C. Justice, Jr., and Mark Sorsaia[1] as Defendants in their respective official capacities as the Governor of West Virginia and the Cabinet Secretary of the West Virginia Department of Homeland Security.

At all relevant times, Mr. Sheppheard was incarcerated in the Mount Olive Correctional Complex, Mr. Randall was incarcerated in the Southwestern Regional Jail, and Plaintiff J.P. was housed in the Donald R. Kuhn Juvenile Center. The Plaintiffs, on behalf of all currently incarcerated persons housed in West Virginia state prisons, jails, and juvenile centers, alleged that the Defendants had failed to alleviate pervasive conditions of overcrowding, understaffing, and deferred maintenance at all such facilities for over a decade. As a result, they alleged that West Virginia inmates have suffered inhumane conditions of confinement and deliberate indifference to their health and safety in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

The Plaintiffs sued the Governor and Secretary in their official capacities, ostensibly as the state officials with ultimate authority over the maintenance and operation of West Virginia's correctional facilities. The Complaint contained one cause of action for Eighth Amendment Violations under 42 U.S.C. § 1983 (Conditions of Confinement). The Plaintiffs requested, among

---

[1] The named parties have since been substituted under Federal Rule of Civil Procedure 25(d) as Patrick J. Morrisey and Douglas P. Buffington, II, the successors of Governor Justice and Secretary Sorsaia.

other forms of relief, that the Court enjoin and compel the Defendants to spend approximately 330 million dollars of the state budget surplus on deferred maintenance repairs in state correctional facilities and hire the requisite number of correctional staff needed to appropriately serve the facilities.

This Court dismissed the action against the Defendants, finding that the Plaintiffs were unable to establish a causal connection between the Defendants' official conduct and their alleged injuries, and that it would be merely speculative that a favorable decision against the Defendants would redress the Plaintiffs' injuries. Thus, the Plaintiffs did not have standing against the Defendants. The Plaintiffs appealed the dismissal, and the Court of Appeals for the Fourth Circuit affirmed, finding that "[a]ppellants have failed to make sufficient factual allegations to support the traceability and redressability elements of Article III standing." *Sheppheard v. Morrisey*, 143 F.4th 232, 249 (4th Cir. 2025). Prior to the appeal, the Defendants separately moved for attorney's fees under 42 U.S.C. § 1988 and have since supplemented their motion for fees now that the appeal has concluded. The issue is ripe for adjudication.

## DISCUSSION

The Governor argues that taxpayers are entitled to a reimbursement of attorney's fees under Section 1988 because the Plaintiffs' lawsuit was unreasonable and groundless on its face. The Governor restates his arguments from his initial motion to dismiss and emphasizes that this lawsuit was simply a political vehicle that sought to improperly gain information about his discretionary and internal deliberative policymaking process. He contends that the lawsuit was devoid of any attempt to establish standing and subjected him to voluminous and improper discovery requests. As such, he concludes he is entitled to Section 1988 fees because the lawsuit was frivolous, unreasonable, and without foundation.

The Secretary also argues that the Complaint was frivolous, unreasonable, and groundless on its face. In support of this contention, he states that the Plaintiffs were aware when they filed their lawsuit that he was an improper defendant, he does not have the power to appropriate money or pass legislation, his general supervisory role does not permit suit against him, and he was forced to engage and respond to the Plaintiffs' onerous and unduly burdensome discovery requests. For these reasons, he concludes that an award of attorney's fees under Section 1988 is appropriate.

In response, the Plaintiffs argue that the dismissal of their case, by itself, cannot form a basis to award attorney's fees. They state that a claim is not groundless when the allegations asserted receive careful consideration by both a district court and an appellate court. The Plaintiffs point to several instances where incarcerated people have been harmed in West Virginia correctional facilities to demonstrate that the harms set forth in the Complaint are not just allegations but represent real risks of harm. For these reasons, they conclude that their claims are not frivolous, and they should not be subject to an award of attorney's fees under Section 1988.

In the Governor's reply, he again points to the political nature of the lawsuit and the attendant discovery requests as evidence for the unreasonable and frivolous nature of the lawsuit. He believes an award of attorney's fees is thus appropriate.

A joint supplemental motion filed by the Governor and the Secretary after the appeal restates the arguments from the parties' earlier filings. They further ask for an award of fees that were incurred in successfully litigating the appeal. Additionally, the Defendants argue that they are entitled to fees under 28 U.S.C. § 1927 because the Plaintiffs' attorney unreasonably and vexatiously multiplied these proceedings in bad faith, particularly because of the alleged political aims in pursuing the case.

The Plaintiffs incorporate their previous arguments in their response to the supplemental motion. They point to *Jonathan R. v. Morrisey*, a case against the Governor, among others, that asserts the constitutional rights of foster children in the state, as evidence for why their lawsuit was not frivolous. 768 F. Supp. 3d 756 (S.D. W. Va. Feb. 28, 2025) (Goodwin, J.). They argue that because that case sought similar relief and was also dismissed on standing grounds, it demonstrates the case at hand was reasonable. The Plaintiffs also state that no Court has found their action vexatious or brought in bad faith, and that 28 U.S.C. § 1927 is thus inapplicable.[2]

### 1. Section 1988 Fees

Section 1988 of Title 42 of the United States Code constitutes "an exception to the American Rule that each party, regardless of who prevails, must pay its own attorneys' fees." *Johnson v. City of Aiken*, 278 F.3d 333, 336 n.6 (4th Cir. 2002) (citing *Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)). Instead, Section 1988 allows the "prevailing party" in Section 1983 cases, and other civil rights actions, to recover a "reasonable attorney's fee." Specifically, the statute provides in relevant part: "[i]n any action or proceeding to enforce a provision of section [] . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988.

A prevailing defendant may recover a reasonable fee under Section 1988 "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not

---

[2] The Plaintiffs also argue that the Defendants cannot receive an award of fees under Section 1988 because their case was dismissed on jurisdictional grounds under Federal Rule of Civil Procedure 12(b)(1). They acknowledge that the Fourth Circuit has not ruled on the issue of whether a court can award attorney's fees under Section 1988 when it lacks jurisdiction. Given that there is no binding precedent preventing this Court from considering the issues relevant to the pending motion, it is unnecessary to address this argument further.

brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1985); *See also Hutchinson v. Staton*, 994 F.2d 1076, 1080 (4th Cir. 1993). "The plaintiff's motive for bringing an action is not central to determining frivolousness for the purposes of awarding attorneys' fees." *Arnold v. Burger King Corp.*, 719 F.2d 63, 66 (4th Cir. 1983). Congress intended that fee-shifting under Section 1988 would "protect defendants from burdensome litigation having no legal or factual basis" and enforce the specified civil rights statutes. *Christiansburg*, 434 U.S. at 420; *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010) (citation omitted).

The Supreme Court has determined that a party "prevails" in such cases "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). The award of attorney's fees to a prevailing defendant is "a conservative tool, to be used sparingly in those cases [in] which the plaintiff presses a claim which he knew or should have known was groundless, frivolous, or unreasonable." *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012). Courts are cautioned against applying "post hoc reasoning" and finding an action unreasonable simply because a plaintiff did not prevail. *Christiansburg*, 434 U.S. at 422–23. There is not a precise test to determine when fees should be awarded to a prevailing defendant, but rather, it is within the judge's province. *E.E.O.C. v. Propak Logistics, Inc.*, 746 F.3d 145, 151 (4th Cir. 2014).

The Court finds that an award of attorney's fees to the Defendants under Section 1988 is not appropriate in this case. Although the action was dismissed in the Defendants' favor, and affirmed by the Fourth Circuit, the Plaintiffs' claims were dismissed based on a lack of standing rather than on the merits. The Plaintiffs alleged specific injuries and constitutional violations in

correctional facilities across West Virginia, and their claims were not so lacking in merit to deem the action frivolous, unreasonable, or without foundation.

The Plaintiffs' claims were based on more than "conjecture and speculation," which the Fourth Circuit previously found justified an award of fees under Section 1988. *Hutchinson*, 994 F.2d at 1080. In *Hutchinson*, a group of unsuccessful candidates for political office sued the winning candidates, local officials, private citizens active in local politics, and an electronic voting company. *Id.* at 1078. The losing candidates were only able to provide evidence of motive and opportunity that the court found purely speculative. *Id.* at 1079. Here, the Plaintiffs' case was not dismissed for presenting claims that relied merely on conjecture and speculation, but for failing to establish standing as to the named Defendants. Their claims are unlike the narrow instances where fees are "to be used sparingly." *Great Steaks, Inc.*, 667 F.3d at 517.

A fee award to prevailing defendants is intended to prevent abuse of the judicial process. If losing plaintiffs were regularly assessed attorney's fees in civil rights cases, a chilling effect would follow. Such an effect would be contrary to Congress's intent to encourage plaintiffs to bring civil rights cases while also protecting defendants from overly burdensome litigation. This Court is particularly concerned with discouraging plaintiffs, and attorneys willing to take their cases, from vindicating constitutional rights. As such, the Court finds that the Defendants are not entitled to an award of attorney's fees under 42 U.S.C. § 1988.

*2. Section 1927 Fees*

Title 28 U.S.C. § 1927 provides that a Court may award attorney's fees and costs for conduct which "so multiplies the proceedings in any case unreasonably and vexatiously . . .." The Fourth Circuit has recognized that "a finding of bad faith is a necessary precondition to imposition of fees" pursuant to 18 U.S.C. § 1927. *Hunt v. Lee,* 166 F. App'x. 669, 671 (4th Cir. 2006)

(citing *Brubaker v. City of Richmond,* 943 F.2d 1363, 1382 n.25 (4th Cir. 1991)).  As discussed above, the Plaintiffs' case was not unreasonable or without foundation but asserted specific injuries and alleged constitutional violations.  The Court finds that no evidence establishes that the case and efforts to conduct discovery were in bad faith. Given the claims asserted, the basis of this Court's dismissal and the parties' arguments, an award of attorney's fees under Section 1927 is simply unwarranted.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *The Governor's Motion for Attorney's Fees and Costs* (Document 138), *Defendant Mark Sorsaia's Motion for Attorney's Fees and Costs* (Document 141), and *Defendants' Joint Supplemental Motion for Attorneys' Fees and Costs* (Document 153) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   September 2, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA